## HEFFLIN v. McMINN.

1. A sheriff may be permitted even after judgment, to amend his return on a writ *nunc pro tunc*, so as to shew that the writ was executed in fact on the defendant.
2. And such return *nunc pro tunc*, will be sufficient to sustain a judgment, though made after writ of error.

THIS was a writ of error from Pickens Circuit Court, sued by Hefflin to reverse a judgment rendered in that Court against him by McMinn. The action was debt, to recover on a promissory note. In the record there appeared a writ and declaration, and at the regular trial term, on the first of October, 1828, a judgment by default for $88 60, the amount of the note, and $10 50 damages. The writ of error was sued out to reverse this judgment, on the 16th of October, 1828. At that time it did not appear of record that the writ had been executed by the sheriff. At March term, 1829, the plaintiff below filed in the Circuit Court an affidavit made by H. White, the deputy sheriff of Pickens county, who deposed, that on the 18th of March, 1828, he did execute the writ on Hefflin, by delivering him a copy; that he returned the writ several days before the return term, but that through inadvertence, and in the hurry of his official duties, he omitted to indorse the service on it. On this affidavit, the Circuit Court, at that term, gave leave to the Sheriff to amend his return, by indorsing the service of the process *nunc pro tunc*, which he accordingly did, whereby the return now reads as follows: " came to hand 18th March, 1828, Thomas Davis, sheriff, by his deputy, H. White. May 16th, 1829. Executed on the within named defendant, by delivering him a true copy on the 18th of March, 1828. This return now made, *nunc pro tunc*, by leave of the Court, as from press of business, it was omitted at the proper time. Thomas Davis, sheriff of Pickens county, by his deputy, H. White."

SHORTRIDGE and FLOURNOY, on behalf of Hefflin, assigned for error, and contended that the judgment by default was erroneous, inasmuch as the record did not shew the writ to have been executed when it was taken. That the Court erred in permitting the return to be amended *nunc pro tunc*, and that the amended return was void, be-

cause there was nothing in the record to amend by; and that the amended return was ineffectual, because made after writ of error brought.

KELLY, contra.

By JUDGE WHITE. It is insisted that the amendment made in the sheriff's return by leave of the Circuit Court, cannot cure the defect in the judgment so as to prevent a reversal. We are, however, of a different opinion. Courts have extended great latitude to ministerial officers, in permitting them to amend their returns, so as to conform to the facts of the case. This prevents injury from casual mistakes, in which the parties have no agency, and by which they should not be prejudiced. But completely to effectuate this purpose, it is necessary that the return, when amended, should relate back to the period at which it was to have been made. In the present case, the plaintiff in error knew at the time he sued out his writ of error to reverse the judgment, that the original process had been served upon him; he had all the advantage of notice from such service; and to permit him to reverse for the clerical mistake of the Sheriff, would be to allow him to convert that which did not affect his rights into a means of injustice to the opposite party, who had nothing to do with the omission complained of.

Judgment affirmed.