WELCH, adm'r. VS WALKER, et UX.

*As to the acknowledgment of service of process.*
*As to citation to an administrator.*

1  The mere acknowledgment of the service of process by one,
   without proof of the genuineness of the signature, will not
   authorise a judgment.

2. *It seems,* that where process has gone into the sheriff's
   hands, and an acknowledgment of the service thereof appears
   on the back, it might be regarded as the sheriff's return.

3. A citation to an administrator, calling upon him to shew
   cause why judgment and execution should not be awarded
   against him, for the distributive share of one in an estate,—
   must set out the previous proceedings had in the settlement
   of the estate.

This was a writ of error to the County Court of
Madison, upon a judgment rendered by default
against George W. Welch, administrator of the estate
of Samuel D. Sherrell, deceased; which judgment
was founded upon an application of William Walker
and wife. The record shewed the following entry:

"On the application of William Walker, and wife,
Rebecca, formerly Rebecca Sherrell, one of the chil-
dren and heirs of Samuel D. Sherrell, deceased,—
it is ordered, that George W. Welch, now of Frank-
lin County, in said State, be cited to appear before
the Judge of said Court, at the Court house, in the
town of Huntsville, in said County of Madison, on
the second Monday in October next, to shew cause
why said applicants shall not have judgment and
execution against him, for their distributive share of

the balance due from him, as administrator of the estate of the said Samuel D. Sherrell, deceased, on settlement of his said administration heretofore made. And thereupon was issued a citation in the words and figures following, to wit, 'The State of Alabama, to the sheriff of Franklin County, Greeting.—You are hereby commanded to summon Geore W. Welch, late administrator of the estate of Samuel D. Sherrell, deceased, to appear before the Judge of the Orphans' Court of Madison County, at the Court house, in the town of Huntsville, on the second Monday in October next, to shew cause why judgment, for the distributive share of the balance due from him, on settlement of his administration, to William Walker, and his wife, Rebecca, formerly Rebecca Sherrell, one of the children and heirs of the said Samuel D. Sherrell, deceased,—shall not be rendered against him. Herein fail not, and have then there this precept. Witness, Richard B. Purdom, Clerk of said Court, at office in Huntsville, this eighteenth day of September, 1834. Endorsed, I acknowledge the service of the within notice.—G. W. Welch, Sept. 30, 1834.' And now, afterwards, to wit, on the thirteenth day of October, being a day of a term of the Orphans' Court of said county, begun and held at the Court house, in the town of Huntsville, on the second Monday in said month, (October,) in the year of our Lord, eighteen hundred and thirty-four,—the citation heretofore awarded against George W. Welch, administrator of the estate of Samuel D. Sherrell, deceased, requiring him to appear, &c., this day, to shew cause why judgment, for the distributive share

4P                    16

of the balance due from him on settlement of his administration, to William Walker, and his wife, Rebecca, formerly Rebecca Sherrell, one of the children and heirs of the said Samuel D. Sherrell, deceased, shall not be rendered against him,—having been returned acknowledged; and said administrator being solemnly called, comes not, but makes default: *It is therefore considered* by the Court, that said William Walker, and wife, recover of, and have execution against, the said administrator, the sum of one hundred and thirty-nine dollars and thirteen and three fourth cents, being the one fourth of the distributive share of the balance due from said administrator on settlement of his said administration, settled the eighth day of November, eighteen hundred and thirty," with costs, &c.

It was here assigned in error—

1. That there was a judgment by default, when it did not appear that the process was served: and there was no appearance.

2. That nothing in the citation or record, showed the amount of any indebtedness on the part of the defendant.

3. That there was no shewing of the number of persons entitled to distribution.

4. That judgment should have been entered for defendant.

*McClung* for plaintiff in error.
*Robinson*, contra.

HITCHCOCK, C. J.—This was a citation issued by the Judge of the County Court of Madison

county, in favor of Walker and his wife, against George W. Welch, as administrator of Samuel D. Sherrell, deceased, to shew cause why they should not have judgment and execution against him for their distributive share of the balance due from him, as administrator of said Sherell, deceased, on a settlement theretofore made.

The citation is directed to Franklin county, upon which there is an endorsement as follows: " I acknowledge the service of the within notice. Signed G. W. Welch, September 30, 1834."

At the October Term, eighteen hundred and thirty-four, of the Court, a judgment by default was rendered, awarding execution in favor of the plaintiffs, " for the sum of one hundred and thirty-nine dollars and thirteen and three fourth cents, the distributive share of the balance due from said administrator, on settlement of said administration, settled on the eighth day of November, eighteen hundred and thirty," together with the sum of forty-two dollars and eighty-cents damages, being the interest on said sum, besides costs, &c.

It is insisted, that this judgment is erroneous, for the following reasons:

1. It does not appear that any service of the citation was ever made on Welch, the defendant.

2. There is nothing, either in the citation or in the record, going to shew any amount of indebtedness, on the part of the defendant below, and

3. There is nothing showing the number of persons entitled to distribution of the estate.

These reasons, we think, are well assigned.

To allow a judgment, upon a writ or citation, not

returned by the sheriff, without any proof of the truth
of the acknowledgment of the service by the defendant,
would be extremely irregular : both the Court and
parties would be liable to the grossest deception. In
such a case, satisfactory proof should be adduced of
the genuineness of the signature to the acknowledg-
ment of service. If the writ appeared to have been
received by the sheriff, such a return as the above
might be considered as his return; but the mere ap-
pearance of the acknowledgment by the defendant,
of his name on the back, is not *prima facie* evidence
of the fact—*Demott, survivor,* vs *Swaim's adminis-*
*5 Stew. & tors.**
Porter,293,

As to the other two assignments, it may be remark-
ed, that since the act of January, eighteen hundred
and thirty, the final settlements of the accounts of
administrators have the effect of judgments, and ex-
ecution may issue upon them without any further
proceedings. If they have lain dormant a year and
a day, or if in the settlement, the distributees are
not specifically named, and their respective amounts
allotted to them, a citation may issue; but in such a
case, the record should shew what the previous pro-
ceedings were, so that the Court, in case a writ of
error is taken, can know what was done below. In
this case, it does not appear but that a previous exe-
cution within a year and a day may have issued. If
so, no citation was necessary or proper. The deci-
*2 Stewt. sion in the case of *Boggs* vs *Bandy**—is overruled,
459.       and the doctrine contended for in the dissenting
opinion in that case, is recognized by us to be the
correct law. The citation being in the nature of a

*sci. fa.*, should state so much of the previous proceedings as to enable the Court to act upon the subject advisedly. In this case, the citation is wholly defective. If the settlement, though final, has not made distribution to those entitled, this should be stated, so that the defendant may know what he has to defend, and the Court may know what they have to adjudicate.

The judgment must be reversed.