## MOORE v. HORN & BOULDIN.

1. When the service of a writ is acknowledged by the defendant, but the proof of it is omitted to be entered upon the record at the time of the judgment, it may be entered *nunc pro tunc,* at a subsequent term, and after writ of error sued out.
2. Upon the affirmance of a judgment where a reversal is saved by an amendment *nunc pro tunc,* pending the writ of error, judgment is notwithstanding rendered against the sureties in the writ of error bond, for damages and costs.

WRIT of Error to the Circuit Court of Madison county.

Action of debt, by Horn & Bouldin against Moore. On the summons is the following endorsement: Service acknowledged; G. Moore. Teste, Wm. H. T. Brown, clerk.

At the proper term of the court, a judgment by default was entered against Moore, but there is nothing in the judgment entry to show that any proof was then, or previously made of this acknowledgment of service.

In the vacation, after this judgment, Moore sued out his writ of error, and gave a supersedeas bond.

At the next term, and pending the writ of error, the plaintiffs, without any notice to the defendant, suggested to the court, that the acknowledgment had been proved in open court, when the judgment by default was rendered, and that it was then omitted to be entered by a clerical misprision. Two affidavits were then submitted, one by the attorney, stating that it was proved by the subscribing witness in open court, and ordered to be entered of record; and the other, of the subscribing witness to the acknowledgment of service, who stated it was made in his presence, but that he had no remembrance of being sworn at the time when the judgment was entered. On these affidavits, the court ordered that the ministerial error should be corrected, and it be entered *nunc pro tunc*, that the acknowlegment of service of the writ was proved in open court by the testimony of the said witness, Brown.

It is now assigned for error,

1st. That the court rendered judgment without service of process on the defendant.

2. In entering *nunc pro tunc*, the supposed acknowledgment of process.

Parsons and Peck, for the plaintiffs in error.
Moore, *contra*.

GOLDTHWAITE, J.—1. It has several times been held by this court, that a defendant may voluntarily come before a court to answer a suit by the acknowledgment of the service of the process, and that such acknowledgment when made, is equivalent to service by the proper officer. In such cases, however, the entry of the acknowledgment upon the process, is not by itself, sufficient to sustain the jurisdiction, but the *factum* of the acknowlegment must be proved and shown upon the record, to have been so. [Earbee v. Ware, 9 Porter 291; Welch v. Walker, 4 Porter, 120.]

As a defendant may come before a court in this manner, and thus give it jurisdiction to render a judgment against him; there is no good reason why the *factum* of the acknowledgment should not be subsequently shown, if it is omitted to be entered upon the record when the judgment is rendered. It is the fact that an ac-

knowledgment of service was made, and not the proof of it, which gives the court jurisdiction. We consider it in the same regard as the sheriff's return, which may be entered at any time, according to the truth, although entirely omitted when the judgment was had. Such was the case of Hefflin v. McMinn, [2 Stewart, 492,] when, after error brought, the judgment was sustained by allowing the sheriff to enter his return on the writ. In principle, the case here is precisely the same; the acknowledgment was made, and if we concede there was no proof of it at the time of the judgment, it will not prevent the plaintiff from sustaining his case by showing *nunc pro tunc*, to the court below, that the defendant was rightfully before the court. We think it was competent for the circuit court to permit the acknowledgment of service to be proved *nunc pro tunc*, and when made, it relates back and sustains the judgment.

2. It is urged however, that if the judgment is affirmed, it should it be at the cost of the defendants in error, and without injury to the plaintiff's sureties in the error bond, as the record was defective when the writ of error was sued out. On this point there seems to be some conflict of decision, as it was refused to affirm with costs and damages, in Brown v. Tarver, [Minor 370] where an amendment was made after error brought. But in Hefflin v. McMinn, [2 Stewart, 492] costs and damages were given in a case not to be distinguished from this. The rule in the English courts, is not to give costs, if the plaintiff will proceed no further with his writ of error. But even then, if the amendment is made by virtue of the statute of amendment, costs are always allowed. [Tidd's Prac. 771.] In neither of the cases decided by this court on this point, nor in the subsequent case of Evans v. St. John, [9 Porter, 186,] where it is adverted to, is the consequence of superseding the judgment by writ of error bond, considered, and in our opinion they are of such importance as to control the practice. By superseding the judgment, the lien of the plaintiff is completely destroyed, and if he has no remedy on the bond against the sureties, irreparable loss may arise.

Such consequences ought not to be allowed, and in our opinion the judgment must be affirmed, with costs and damages.

COLLIER, C. J.—It is conceded that at the time the writ of error was sued out in this case, there was an error in the record,

for which the judgment should be reversed; but it is insisted that the amendment made in the 'circuit court, during the pendency of the cause here, cured the defect, and entitled the defendants in error to a general judgment of affirmance.  My opinion of the law upon this point is different from that expressed by my brother GOLDTHWAITE.  I do not deny that the judgment should be affirmed, but think the defendant should pay the costs, and that there should be no judgment against the sureties in the writ of error bond.  Any other conclusion might greatly prejudice sureties in such cases, by imposing upon them a liability in consequence of a *post factum* act, to which they were not parties; while the law is disposed to treat them rather with indulgence than harshiness, and accord to them all legal defences which they have not yielded up.  I do not understand that the practice in this court has been different from what in my judgment it should be, and hence I feel free to declare my own conclusions upon the law of this case.