SAMUEL W. BENT v. MINERVA A. BENT.

*Pleadings. Replevin. Abatement. Motion to Dismiss. Replevin Bond. Officer's Return. Amendment. Record. Process.*

An allegation in a plea in abatement that no bond was taken *before* a day named, (being the day of service of a replevin writ,) nor *after* that day, cannot be construed as including that day.

The demurrer to a plea in abatement to the service of a writ does not reach back so as to enable the defendant to avail himself of a defect in the declaration.

Generally, causes for dismissing the action and causes of abatement which are apparent from the papers on file, which constitute the proceedings in the cause, may be taken advantage of by motion.

Not taking a replevin bond, as required by law, is a cause for dismissing the action on motion.

There is no distinction as to the *number* of sureties required in the different classes of replevin suits; one surety in addition to the plaintiff, or some one in his behalf, being sufficient in any case.

An officer's return on a replevin writ should show that the property replevied was appraised, and that the officer delivered to the defendant a true and attested copy of the writ, *with his return endorsed thereon,* and for either defect the writ will be dismissed on motion; but these defects may be amended on motion, notwithstanding the motion for that purpose is not made until after the decision is announced upon the motion to dismiss.

ACTION of replevin, entered in the county court, May term, 1869, BARRETT, J., presiding, in which the defendant filed a motion to dismiss, and a plea in abatement. The plaintiff demurred to said plea, but made no point in respect to it, except that the writ, return, and bond were not defective, and were sufficient in law. The court, on said motion and plea, dismissed the suit. After said decision, the plaintiff moved the court, orally, that the officer who served said writ might be permitted to amend his return according to the fact, but did not state in what particulars. The court, as matter of law, and not of discretion, denied said motion, on the ground that the decision already made would not be affected by such amendment, and that some of the alleged defects, apparent on the face of the record, could not be cured by the proposed amendment by the officer. To all these decisions of the court the plaintiff excepted.

The plea in abatement is sufficiently stated in the beginning of the opinion.

The motion to dismiss set forth the following reasons :

1. Because the officer who served the said replevin writ in said cause did not take a bond from the plaintiff to defendant, with sureties, as required by law.

2. Because the goods replevied were not appraised by three disinterested and discreet persons, as required by law.

3. Because the officer serving said writ did not deliver to said defendant a true and attested copy thereof, with his return endorsed thereon.

*Sewall Fullam*, for the plaintiff.

*G. A. Davis* and *T. O. Seaver*, for the defendant.

The opinion of the court was delivered by

PECK, J. The plea in abatement is aimed at a supposed defect in the service of the writ, in relation to taking a replevin bond, as required by statute. After alleging that the writ was served on the 27th day of March, 1869, at Cavendish, by Joseph Adams, who then was and now is one of the constables of said town, by replevying the articles included in the return of said Adams, endorsed on said writ, and by delivering to the defendant a true and attested copy of said writ, and denying that the writ was served at any other time, or in any other manner, or by any other person ; it avers that " at no time *prior* to the said 27th day of March, nor at any time *since* the said 27th day of March, up to the commencement of the present term of said court, did the said Adams take any bond in this suit from the plaintiff, or some one in behalf of said plaintiff, to the said defendant, as required by law," &c. It is not alleged that such bond was not taken *on* the said 27th day of March, or the day the plea alleges that the writ was served. The allegation that it was not taken *before* that day, nor *after* that day, cannot be construed as including that day ; so that, for aught that appears by the plea, the bond required by the statute was taken on the day and on the occasion of the service of the writ. For this cause the demurrer to the plea must be sustained,

and the plea adjudged insufficient. The demurrer to a plea in abatement to the service of the writ does not reach back so as to enable the defendant to avail himself of a defect in the declaration. The question made by the defendant's counsel, as to the sufficiency of the declaration, is not involved in the case before us. It is insisted by the plaintiff's counsel, that the plea is bad because the time, within which the plea alleges the officer did not take a bond, does not extend to the limit of time to which the officer is entitled to return the writ and bond into court. The plea in this respect is, that the officer did not since the said 27th day of March " up to the present term of said court " take any bond, &c. It is consistent with this allegation, that the officer did immediately after the commencement of the term of court to which the writ was returnable, and on the same day, take such bond as the statute requires, and forthwith return the writ, together with the bond, into court. The statute does not require the officer to deliver the bond to the defendant, but to return it to the clerk of the court to which the writ is returnable. Whether in case the officer takes such bond as the statute prescribes, and seasonably returns it into court together with the writ, it would be cause of abatement to show that the bond was not in fact taken before the commencement of the term, is a question not necessary to decide ; as the plea is bad for the other cause as already stated.

The remaining questions arise upon the motion to dismiss, and motion to amend the officer's return. It is insisted on the part of the plaintiff, among other things, that the matters set forth in the motion, if available at all, cannot be presented by motion, but only by plea in abatement. But generally causes for dismissing the action, and causes of abatement, which are apparent of record, may be taken advantage of by motion—that is, not record in the strict technical sense, but apparent from the papers on file which constitute the proceedings in the cause. To these the motion substantially refers. The first ground alleged in the motion is, that the officer " did not take a bond from the plaintiff to defendant with sureties as required by law. " This does not present the question as to the time when the bond was taken ; but whether the officer took a bond such as is required by law. This may be a

cause for dismissing the action. It has often been so decided. It may be presented by motion, as it may be determined by the return of the officer in connection with the bond on file, if any was taken. In *Bennett v. Allen*, 30 Vt., 684, a defect in the replevin bond was taken advantage of by motion, and prevailed. The bond may be referred to as a part of the proceedings in the cause, to show its invalidity, as was done in the case above named, and may be referred to also as part of the record of the cause, to help out the officer's return, when the return is not sufficiently full to show that the bond was in all respects in accordance with the statute, as was held in *Miller* v. *Cushman*, 38 Vt., 593. On reference to the bond, which the officer returned with the writ, it appears upon the face of it to be in compliance with the statute, unless the objection taken to it, that it has but one surety, should prevail. In prescribing the mode of preceeding in replevin of beasts distrained, the statute directs the officer to take a bond of the plaintiff or some one in his behalf " *with sufficient surety,* " &c., and provides that the writ shall direct such bond to be taken. In the provision relating to replevin by a defendant, whose goods have been attached on mesne process, the language is, as to surety, the same. In the provisions relating to other replevin, in which class this action falls, the language is, that the officer shall " take from the plaintiff or some one in his behalf a bond to the defendant with sufficient *sureties,* " &c. It is insisted by the defendant's counsel that the word *sureties* being used, imports that there must be at least two sureties on the bond in this class of replevin suits; and that a replevin bond of the plaintiff with but one surety is not a compliance with the statute. It is provided in sec. 14, in relation to this kind of replevin, " *that the writ shall be substantially in the form prescribed by law.* " The form of the writ given in the statute applicable to this kind of replevin, as well as to replevin of beasts impounded, directs the officer to replevy the property, provided the plaintiff give a bond, &c., with sufficient *surety or sureties* ; thus indicating that no distinction was intended to be made in the two cases as to the number of sureties, and that one surety in addition to the plaintiff, or some one in his behalf, might be sufficient in either case. In the absence of any apparent rea-

son for requiring a greater number of sureties in this class of re-
plevin suits than in the two other kinds, and in view of all the
provisions on the subject, in connection with the statutory form of
the writ, we think no distinction was intended as to the number of
sureties required in the different classes of replevin suits ; and that
the bond, in this case, is in compliance with the statute. The di-
rection in the writ, in this respect, is in the very words of the stat-
ute form of writ in such ease, to replevy the goods provided the
plaintiff give a bond, &c., with " *surety or sureties*, " and the of-
ficer, in this particular, has complied with that direction. In the
case cited by plaintiff's counsel on this point, *Simonds* v. *Parker*,
1 Met., 508, the court overruled the motion to dismiss on the
ground it was filed out of time. The remark of SHAW, C. J., in
that case, to the effect that the irregularities in the service set
forth in the motion in that case would have been fatal if taken ad-
vantage of in due season, and in the proper mode, throws but little
light on what the opinion of the court was as to the necessity of
more than one surety on the replevin bond. It is true that that
was one of the questions attempted to be raised by the motion, but
the motion contained other causes for dismissing the suit, and one
clearly fatal ; that is, that the writ directed the officer to take a
bond in a fixed sum specified in the writ, instead of the double
value of the property to be ascertained by appraisal or agreement,
as required by statute, and that in making the service, the officer
followed these erroneous directions in the writ. In relation to
the objection in that case, that there were not two sureties on the
bond, SHAW, C. J., says, in conclusion, that the bond was not on
that account void, but would be valid against the plaintiff and his
surety ; that the taking of a bond in that form was an irregular-
ity, but did not render the proceeding void. It can not be said to
have been decided in that case that the fact of there not being
two sureties would have been fatal, if interposed in season. It
would be unsafe to treat that case as an authority in this either
way, without knowing more of the provisions of the Massachusetts
statute than can be gathered from that case. In the case at bar,
the first cause set forth in the motion fails on the facts, as the bond
itself proves its sufficiency. The second cause in the motion, is,

that the goods replevied were not appraised by three disinterested and discreet persons as required by law. *Miller* v. *Cushman*, 38 Vt., 593, shows that the extreme particularity in the return, for which the defendant's counsel contend, is not requisite. The return, however, in this particular, is defective, as there is nothing in the return to show that the property was appraised, or in what way or manner the value was ascertained. It cannot be inferred from the item of fees charged on the writ as paid appraisers, that there was an appraisal; much less what the appraisal was, and how made. The third and last cause in the motion is, that the officer did not deliver to the defendant a true and attested copy of the writ with his return endorsed thereon. The officer's return in this respect is defective, as it does not show that the copy of the writ, which he delivered to the defendant, contained or had upon it a copy of his return. There was no error in the decision of the court that the suit ought to be dismissed on this motion. But we see no defect which comes within the scope of the motion to dismiss, that was not amendable by the officer, if the truth would warrant it. The court had the power to allow such amendment, and give the plaintiff the benefit of it, notwithstanding the motion for that purpose was not made till after the decision was announced upon the motion to dismiss. The court might have required the counsel to state in what particular he desired leave to the officer to amend his return, before granting such leave, but it does not appear that the court required that, and the case shows, that " the court as matter of law, and not of discretion, denied this motion on the ground that the decision already made would not be affected by such amendment, and that some of the alleged defects, apparent on the face of the record, could not be cured by the proposed amendment by the officer. " In this we think there is error.

Judgment reversed, and case remanded.