SCHOOL DISTRICT NO. 1 IN GRANBY v. STEPHEN F. AUSTIN.

*New Trial. Motion to Dismiss. Practice.*

In debt for a penalty, before a justice, judgment was rendered against the defendant by default. On petition by the defendant for that purpose, said judgment was reversed and set aside, and the action entered in the county court. *Held*, in the absence of any order prohibiting dilatory defences, that the defendant might then interpose a motion to dismiss the action, for the reason that at the commencement thereof, the magistrate signing the writ, did not enter thereon a true minute of the day, month, and year when the same was signed, as required by statute.

*Held*, also, that an allegation in said petition, that the defendant was not guilty of the charges made against him, and that he was advised by counsel, and was persuaded, that he had a full defence, and could prevail in the trial of said cause before the county court, did not restrict the defendant's right to interpose said motion.

DEBT for a penalty, founded on section 58, chapter 22, of the General Statutes.

The writ was dated June 12th, 1871, and returnable June 29th, 1871, before C. E. Benton, justice of the peace. The only minute thereon of the day, month, and year when the same was signed by the justice, was as follows:

" GRANBY, Vt. June 29th, A. D. 1871.
" The within writ was signed by me on the 8th day of June, 1871. CHARLES E. BENTON,
*Justice of the Peace.*"

The defendant did not appear on the return day of said writ, and judgment was rendered against him by default. At the September term, 1871, of the county court, the defendant preferred his petition to said court, praying that said judgment be reversed and set aside, and that said court proceed to hear, try, and determine said action, according to the statute in such case made and provided; and the prayer of said petition was granted, and said action entered in said court, without any order prohibiting dilatory defences: whereupon the defendant moved to dismiss said action, because at the commencement thereof, the magistrate signing said writ, did not enter thereon a true minute of the day, month, and year when the same was signed, as required by statute.

The court, at the March term, 1873, Ross, J. presiding, sustained the motion, *pro forma*, and dismissed the action; to which

the plaintiff excepted. All the allegations of said petition, material to be stated, appear in the opinion.

*O. B. Boyce,* for the plaintiff.

The statute does not intend a case to be entered in the county court by petition for the purpose of allowing a motion to dismiss, on a mere technical matter; but that it may be tried on its merits.

When the judgment of the justice is set aside, the case is to be entered in the county court "in the same manner as if it had been brought to such court by appeal:" which, by the law of abatement, precludes the defendant from making the motion to dismiss at this stage of the proceedings, because there has been a previous opportunity for said motion, as the magistrate's records show, of which he did not avail himself.

The defendant waived his right to have the action dismissed, by suffering a default before the magistrate. *Montpelier* v. *Andrews,* 16 Vt. 604, *vide* note; *Pollard* v. *Wilder,* 17 Vt. 48; *Wheelock* v. *Sears,* 19 Vt. 559; *Babcock* v. *Brown,* 25 Vt. 550; *Wilder* v. *Stafford et al.* 30 Vt. 399.

*H. C. Bates,* for the defendant, cited Gen. Sts. § 9, ch. 62; *Mosseaux* v. *Brigham,* 19 Vt. 457; *Wheelock* v. *Sears,* 19 Vt. 559, 562; *Huntly* v. *Henry et al.* 37 Vt. 165; 6 Foster, 232.

The opinion of the court was delivered by

BARRETT, J. The ground of the petition upon which this case was carried into the county court is, that the defendant had not had any day in court before the justice. The provision of the statute in such case constitutes the mode and means by which the defendant has his day in court for the *first* time, when the cause is entered in the county court, as the result of proceedings in that court upon such petition. It would be incongruous with the ground and occasion for such proceeding, to hold that the defendant had waived any right of defence by having failed to appear and assert it before the justice. His petition is brought for the very reason that he did thus fail, and that such failure was through fraud or mistake, but not chargeable to his own fault.

In this view, and standing entirely on this ground, it would seem that when a case is thus entered in the county court, it should stand subject to the same adversary rights and incidents as when brought and entered there by original writ, returnable to that court.

We have no doubt that the court, in allowing the case to be carried into it, might, in the exercise of the discretion accorded by the statute, exclude technical dilatory defences, by order to that effect, and confine the defendant to his defence to the merits. But such order was not made in this case; and we do not regard it warrantable to hold that the defendant is restricted in this respect by reason of what is said in his petition, viz: that he is not guilty of the charges against him; that he is advised by counsel, and is persuaded, that he has a full defence to said suit, and can prevail in a trial of the same before the county court. This does not undertake to indicate any single and exclusive ground or line of defence, and would seem to have a scope that would enable the party to make any defence to the suit that would be legitimate, if the suit had been originally brought into the county court.

It is to be kept in mind that the statute provides for two classes of cases: one like this, where there has been a judgment by default; and the other, where the party has failed of getting an appeal through fraud, accident, or mistake. In the latter class of cases, viz: of failing of an appeal, it is implied, as an elemental fact, that he appeared before the justice; and so, of course, had day in court, and opportunity to assert in defence any matter, whether dilatory, or to the cause of action. In such case he would be subject to the law and rule requiring dilatory matter to be seasonably asserted, or it would be regarded as waived; at any rate, that the party had lost his right to avail himself of it. But in cases like the present, not only the implication, but the fact is, that the party has not been in court in the case at all, and so is not subjected to the consequences, in this respect, that result in the other class of cases.

We think the expression in the statute, that the county court may proceed, &c., "in the same manner as if the case had been

School District No. 1 in Granby *v.* Austin.

brought to such court by appeal," cannot, properly, be construed to restrict the right of defence. It was clearly not its intent, but only to indicate and provide that the cause would be as effectually in the county court, for all legitimate purposes, as if it had been brought there by appeal.

Our views in this case, are in entire harmony with what was held and decided in the cases cited, and seem to put the subject upon the only ground of principle and rule that would be feasible for practical administration in this class of cases, characterized, as they may be, by differing varieties of fact, and of incidents and orders giving them admission to, and standing in, the county court.

It is conceded that the judgment is right, in case the matter of the motion was seasonably asserted.

Judgment affirmed.