### UNITED STATES v. BANISTER.

(Circuit Court, D. Vermont.    October 9, 1895.)

1. PRACTICE—DEFECTIVE CAPIAS—MOTION TO DISMISS.
    A capias which is issued without any minute of the day of signing it, as required by R. L. Vt. § 1720, and which is wrongly served by arrest, may be properly attacked by a motion to dismiss it on a special appearance for that purpose, the defects appearing from the process and return as a part of the record.

2. ACTION FOR PENALTY—WRIT—DATE OF SIGNATURE—MINUTE BY CLERK.
    R. L. Vt. § 1720, requiring the clerk or magistrate signing the writ to enter upon it a minute of the day of its signature, being expressly made applicable only to actions mentioned in that chapter, does not apply to a suit for a penalty or forfeiture given to the treasury of the United States.

3. ALIEN LABOR CONTRACT—PENALTY FOR VIOLATION—CHARACTER OF SUIT—ARREST.
    An action by the United States to recover the statutory penalty for violation of Act 1885, c. 164, § 3, relating to alien contracts for labor, is an action for tort, and hence there is no privilege of exemption from arrest therein.

4. SAME—FOLLOWING STATE PRACTICE.
    A suit in the United States circuit court for the penalty provided by Act 1885, c. 164, § 3, for violation of the provisions of that act relating to alien contracts for labor, may be properly begun by capias in accordance with the state law.

This was an action by the United States against one Banister to recover a penalty.    On motion to dismiss a writ of capias.

John H. Senter, U. S. Atty.

J. D. Redmond, for defendant.

WHEELER, District Judge.'    This suit is brought upon section 3 of chapter 164 of the act of 1885, relating to alien contracts for labor, which provides that every one violating it "shall forfeit and pay for every such offence the sum of one thousand dollars," to be recovered "as debts of like amount are now recovered in the circuit courts of the United States, the proceeds to be paid into the treasury of the United States."    23 Stat. 333; 1 Supp. Rev. St. 479.    By the statutes of the state persons are exempt from arrest in any action "on a contract, express or implied" (R. L. § 1477); and the chapter on limitation of criminal prosecutions and actions on penal statutes requires, by section 1719, a minute on bills, complaints, informations, and indictments of the day when exhibited, and:

"Sec. 1720. When an action is commenced in a case mentioned in this chapter the clerk or magistrate signing the writ shall enter upon it a minute of the day, month, and year when the same was signed.

"Sec. 1721. A bill, complaint, information, indictment, or writ, on which a minute of the day, month and year is not made, as provided in the two preceding sections, shall on motion be dismissed."

The writ here is a capias, without any minute of the day of signing upon it, and it has been served by arrest only. The defendant has moved to dismiss the writ for want of the minute, and for its form and mode of service, on a special appearance for this purpose. As these things are apparent from the process and return as a part of the record, this mode of objecting to them seems, under the practice of the state, to be proper. Bent v. Bent, 43 Vt. 42; School Dist. v. Austin, 46 Vt. 90. If the action was in a court of the state, and within section 1720, it would be at once dismissed upon such a motion for this want of a minute of the time of signing. Montpelier v. Andrews, 16 Vt. 604. But that section in terms applies only to writs in cases mentioned in that chapter. These are (section 1715) actions upon statutes for a penalty or forfeiture, given in whole or in part to a prosecutor, which are to be brought within one year; (section 1716) actions for a penalty, given in whole or in part to the state, a county, or a town, which are to be brought within two years; (section 1717) actions upon a statute for a penalty or forfeiture, given in whole or in part to the party aggrieved, which are to be brought within four years. As this penalty or forfeiture is given to the treasury of the United States, this case is not one of those mentioned in that chapter, and it is not within the terms of section 1720. Further, that section is a part of the state statute of limitations of suits for penalties and forfeitures which, while it might be applicable here, in the absence of any federal statute upon the subject, now seems to be excluded by the express provision of the statutes of the United States covering such suits, and limiting them to five years. Rev. St. U. S. § 1047; Campbell v. City of Haverhill, 155 U. S. 610, 15 Sup. Ct. 217. Formerly, all actions in this state might be commenced by capias; and all may be now, except where that is prohibited by statute. Aiken v. Richardson, 15 Vt. 500. The only prohibition applicable to this case is that mentioned,—of exemption from arrest in actions on contract. This action is not founded on any contract, but rests on a tort consisting in the violation of the statute. By the statute this forfeiture is to be recovered, as debts of like amount are recovered, in this court. This last clause seems intended to give jurisdiction to the circuit courts which, but for that, would be in the district courts. Rev. St. U. S. § 563, subd. 3. The proceedings in the circuit courts for the recovery of debts differ according to the laws of the states in which the courts are held; and this provision applies to these various methods. Debts for forfeitures created by statute would be recoverable here by action on the statute begun by capias. Accordingly, this action appears to have been properly begun in that way. Motion to dismiss overruled.