PEOPLE'S NATIONAL BANK, ET AL. v. HALL & BUELL; FIRST NATIONAL BANK, ETC. v. SAME; NATIONAL COMMERCIAL BANK v. SAME.

January Term, 1904.

Present: ROWELL, C. J., MUNSON, START, WATSON, STAFFORD, and HASELTON, JJ.

Opinion filed February 15, 1904.

*Partnership — Nonresident Partner—Jurisdiction — Substituted Service—Promissory Note—Absent Maker.*

In an action against two as partners, when only one resides in the State, and neither the firm nor the other defendant has property here, if personal service is made on the resident defendant, and

substituted service, under V. S. 1641-1643, made on the other defendant, the court has acquired no jurisdiction of the firm or of the absent defendant.

When such action is assumpsit on a note signed by both defendants, the writ will not abate, but the suit will be sustained against the resident defendant, under V. S. 1174.

ASSUMPSIT on a promissory note. Heard on what amounts to a demurrer to a plea in abatement, at the September Term, 1903, Chittenden County, *Tyler,* J., presiding. Judgment that the court has jurisdiction of the firm, and plea dismissed. The defendant excepted. The opinion states the facts.

*Powell & Powell* and *Alfred Hall* for the defendant.

Service upon a firm must be either *in personam* or *in rem.* There has been neither in this case. *Pennoyer* v. *Neff,* 95 U. S. 714; *Nat. Bank* v. *Peabody,* 55 Vt. 496; *St. John* v. *Holmes,* 32 Am. Dec. 602; *York Bank's Appeal,* 36 Pa. 460.

Judgment cannot be rendered against one member of a partnership. The partnership debt is entire against the firm and judgment must also be entire against the firm. *Hall* v. *Williams,* 17 Am. Dec. 356; *Buffum* v. *Ramsdell,* 55 Me. 252; *Richards* v. *Walton,* 12 Johns. 434; *Rangeley* v. *Webster,* 11 N. H. 299; *Newburg* v. *Numshower,* 23 Am. Rep. 769; *Tittlemore* v. *Wainwright,* 16 Vt. 173; *Starbird* v. *Moore,* 21 Vt. 529; *Franks* v. *Lockey,* 45 Vt. 395; *Whitney & Titus* v. *Silver,* 22 Vt. 634.

*Brown & Taft* and *Mower & Peck* for the plaintiffs.

At law both the separate and joint creditors of a partnership may attach separate or joint property and sell it upon execution in satisfaction of their judgment, without regard to the equities of the debtors. *Bardwell* v. *Perry,* 19 Vt. 292.

Substituted service upon a nonresident is valid. *Hogle v. Mott,* 62 Vt. 255; *Jones v. Dillihanty,* 68 Vt. 490; *Beech v. Abbott,* 6 Vt. 586.

STAFFORD, J. The question is whether these three actions ought to abate. The situation is the same in all. The firm of Hall & Buell did business at Bay Mills, Michigan. Hall resides in New York; Buell, in Vermont. There is no property of the partnership in Vermont, but there is property of Buell. The plaintiffs bring action against Hall and Buell as partners, cause Buell's property to be attached and personal service to be made on him, and cause substituted service to be made upon Hall without the State upon the theory that Hall stands as he would if his own property or the property of the firm had been attached. Hall does not appear. Buell appears specially and in the name of the firm pleads in abatement to the jurisdiction of the court over the partnership. A stipulation is filed by which nearly all the facts averred in the plea are admitted, and thereupon the County Court adjudges that it has jurisdiction of the firm and dismisses the plea. The only question presented to us is whether the facts above recited show that the court was without jurisdiction for want of service upon Hall.

It was not a case for substituted service. There was no basis for it, because no property had been attached in which Hall had any interest. V. S. 1641-1643, which provides for notice to an absent defendant as a foundation for proceeding to judgment and execution against property attached in this State, have no application to a case like the present. There being no personal service upon Hall and no ground for the attempted service by delivery of copies without the State, the court had no jurisdiction of Hall, nor of the firm. See *Woodruff v. Taylor,* 20 Vt. 65; *Price v. Hickok,* 39 Vt. 292;

*Natl. Bank* v. *Peabody*, 55 Vt. 492; *Pennoyer* v. *Neff*, 95 U. S. 714, 732; Freeman on Judgments, 2d Ed., §§ 566, 567; *Cobanne* v. *Graf*, 87 Minn. 510, 92 N. W. 461, 94 Am. St. 722.

But it does not follow that the plea should have prevailed. V. S. 1174 provides that when a bond, note or other contract has been executed by two or more persons jointly and one or more of them resides without the State, an action may be sustained thereon against the party residing in the State. The present action is general assumpsit in the common counts, with specification of a note signed "Hall & Buell," and comes fairly within the statute. It might have been commenced against Buell alone and may still be lawfully sustained against him. The question, then, is, whether a defendant may have a writ abated for want of service upon his co-defendant when the court has jurisdiction to proceed to judgment against him individually. That question must, we think, be answered in the negative.

The judgment of the County Court in so far as it overruled the plea was correct, but in so far as it adjudged that the court had jurisdiction of the firm, was erroneous, and so

*Judgment is reversed, plea overruled, and cause remanded.*