## Chandler W. Abbott *vs.* Alton C. Abbott.

### Knox.    Opinion March 30, 1906.

*Writ.   Failure of Service on Defendant.   New Service Ordered.   Officer's Return of Service Defective.   Return May be Amended According to the Fact. Statute 1905, c. 61, R. S., c. 83, §§ 17, 21, 23.*

A writ on which an attachment of the defendant's real estate had been made, was entered at the return term of the writ without service upon the defendant. At the following term, the plaintiff moved for an order of service on the ground " that the defendant was not within the jurisdiction of the officer making the attachment and had no last and usual abode therein at the time when service should have been made." It appearing that no service of the writ had been made upon the defendant, and that the failure of service was without fault of the plaintiff or his attorney, a new service was ordered by virtue of sections 17 and 23 of chapter 83 of the Revised Statutes. The defendant was described in the writ as resident of Camden, in the State of Maine, and it was not alleged that the defendant had no abiding place in the state at the time the motion for a new service was made. *Held* : that the service ordered on the defendant as a resident could be legally made in either of the modes prescribed by the aforesaid section seventeen.

Under these circumstances, an officer's return that he had made service of the writ upon the defendant by leaving the summons and copy of the order at his last and usual place of abode would have been a full compliance with the order under the statutes.

But in the case at bar, the officer's return on the order of service is as follows : " By virtue of the foregoing order of the court, I have this day made service of the within writ upon the within named defendant by leaving at the last and usual place of abode a new summons in due form for his appearance at court at the time and place named in said order and with a copy of said order indorsed thereon certified by the clerk of the courts for said county of Knox." This return fails to state that the officer left the summons at the defendant's last and usual place of abode and is therefore defective.

There is no evidence in the case to show whether or not this omission was an error, and the exceptions must be sustained on this ground alone, and the case will be remanded to the court below where the truth in regard to the return may be ascertained and if necessary the officer will be allowed to amend his return according to the fact.

If the return is amended to show that the summons and copy were in fact left at the defendant's last and usual place of abode, the motion to dismiss the action must be overruled. If the return is not amended, the motion to dismiss must be sustained unless further service of the writ shall be ordered.

On exceptions by defendant. Sustained.

Writ returnable to and entered at the April term, 1904, of the Supreme Judicial Court, Knox County. Defendant's real estate had been attached upon this writ, but no service of the writ was made upon the defendant before entry at the return term. Defendant's counsel entered their appearance at the return term "for the especial purpose of objecting to any order of service upon defendant and for no other purpose."

At the following September term of said court, a motion for order of service was filed by plaintiff and the motion was granted and an order of service was made, returnable at the January term, 1905, of said court.

At said January term, the defendant filed a motion to dismiss the action on the ground that the service made by the officer was not in conformity to the order, but the presiding Justice overruled the motion and held that the service as returned by the officer was sufficient, and thereupon the defendant excepted.

The case is fully stated in the opinion.

*J. H. Montgomery,* for plaintiff.

*R. I. Thompson and Arthur S. Littlefield,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, JJ.

WHITEHOUSE, J. This case comes to the court on exceptions to the overruling of a motion to dismiss an action for want of proper service. The writ was returnable to the Supreme Judicial Court of Knox county at the April term 1904. At the return term the defendant's counsel entered their appearance upon the docket "for the especial purpose of objecting to any order of service upon the defendant and for no other purpose."

At the following September term a motion for an order of service

on the defendant was filed by the plaintiff's counsel accompanied by the following affidavit: "The defendant was not within the jurisdiction of the officer making the attachment and had no last and usual abode therein at the time when service should have been made; that said defendant was then and ever since has been a roving person with no permanent abiding place so that he could be come at to effect service within the knowledge of the plaintiff; that plaintiff supposed and believed that service had been made until this term began. Plaintiff now moves for an order for a new service upon said defendant under said writ in this action, real estate attachment having been made and returned on the same and recorded as required by law."

This motion was granted at the same term and the following order of notice was accordingly made thereon, to wit: "And now it appearing to the court that the property of the said defendant has been attached on the writ in said suit, and that no service of said writ has been made upon said defendant, without fault of the plaintiff or his attorney in said suit.

It is ordered, that a new summons issue, and be served upon said defendant, together with a copy of this order thereon, fourteen days, at least, before the next term of our Supreme Judicial Court, to be held at Rockland within and for said county of Knox on the first Tuesday of January next that he may then and there appear and answer to said suit if he shall see cause."

The officer's return on this order is as follows: "By virtue of the foregoing order of court, I have this day made service of the within writ upon the within named defendant by leaving at the last and usual place of abode a new summons in due form for his appearance at court at the time and place named in said order and with a copy of said order indorsed thereon certified by the clerk of the courts for said county of Knox."

No motion was made by the plaintiff for an order of service at the return term of the writ. The defendant is described in the writ as a resident of Camden in the County of Knox and State of Maine.

At the January term of the court 1905, the defendant filed a motion to dismiss the action on the ground that the service made by the officer was not in conformity to the order of court, but the pre-

siding justice overruled the motion and held that the service as returned by the officer was sufficient. To this ruling the defendant excepted."

It is contended in behalf of the defendant that the situation disclosed by the record was one calling for an order of notice to the defendant, as a non-resident by virtue of section 21, chapter 83 R. S.; that the terms of the order in question actually given, directing that a "new summons issue and be served on the defendant," required personal service on the defendant by giving him the summons in hand, and that substituted service by leaving the summons at the defendant's last and usual place of abode would not be sufficient.

It has been seen, however, that the defendant was described in the writ as a resident of Camden in the State of Maine, and that the reason given in the affidavit in September for the failure of service in season for the return term in April was that the defendant had no permanent abode that could be found by the officer "at the time when service should have been made" for the April term. The affidavit does not allege that the defendant had no abiding place in this state at the time the motion was made for a new service at the September term. It cannot be doubted that if the failure of service for the April term had been seasonably discovered and a motion for an order of service been made at that term, the court would properly have authorized the "new service" on the defendant as a resident of the state, by virtue of sections 17 and 23 of chapter 83 of the Revised Statutes. The former of these sections expressly provides for the "service of writs on residents," and declares that "when goods or estate are attached a separate summons shall be delivered to the defendant, or left at his dwelling house or last and usual place of abode . . . . which shall be sufficient service."

Inasmuch then as this substituted service at the defendant's place of abode is one of the methods specially provided for "serving writs on residents," it cannot be doubted that if such an order had been given at the April term service upon the defendant by leaving the summons and copy at his last and usual place of abode would have been a sufficient compliance with that order.

The legal situation was precisely the same after the failure of

service was discovered in September. The writ was produced from the files, showing that an attachment of real estate was duly made upon it and that the defendant is described as a resident of Camden. Non constat, that since the time mentioned in the plaintiff's affidavit when the officer was unable to find either the defendant or his place of abode in season for service at the April term, the defendant may have returned after a temporary absence and resumed or established his permanent abode in Camden. A motion was accordingly made for the "new service" authorized by section 23, above cited to be made on the defendant as a resident of the state precisely the same as it would have been at the April term. It was the ordinary request for an order for the service of a writ on a resident whose property had been attached and no service made before entry. The motion was granted and the terms of the order made in pursuance of it were appropriate for a service on the defendant as a resident of the state, and not appropriate for an order of notice to a non-resident under section 21 of chapter 84. It directs a "new summons to issue and be served on the defendant." A "summons" is properly ordered to issue to a resident, and a "notice" ordered to be given to a non-resident.

The service being ordered on the defendant as a resident could legally be made in either of the modes prescribed by section seventeen.

Under these circumstances an officer's return that he had made service of the writ upon the defendant by leaving the summons and copy of the order at his last and usual place of abode would have been a full compliance with the order under our statutes.

Furthermore in Ency. of Pl. & Prac. volume 19, page 624, it is said to be the "general rule that substituted service of process upon a resident defendant is equivalent to personal service and warrants a personal judgment against such defendant." So in *Johnston* v. *Robins*, 3 Johns. Rep. 440, service was made by leaving a copy at the defendant's dwelling house and on the defendant's motion to set aside the default entered against him, the court said: "It was decided in the case of *Jackson* v. *Griffiths*, 4th Term Rep. 465, that in every case of the service of a notice leaving it at the dwelling

house of the party was to be considered as a personal service for every purpose except to bring a party into contempt. We consider the declaration as having been personally served on the defendant." See also *Dunkle* v. *Elston,* 71 Ind. 585.

But as both the personal and substituted service of writs are regulated by the provisions of our statutes above quoted, it is unnecessary to pursue the inquiry in relation to the practice in other states or at common law.

But it appears from the officer's return in the case at bar that he made service of the writ upon the defendant "by leaving at the last and usual place of abode a new summons," etc. The return fails to state that he left the summons at the defendant's last and usual place of abode. This was doubtless an inadvertent omission, but the copy before the court has been found to be a true copy of the original return of the writ.

This defect in the officer's return was not discovered by counsel until the close of the arguments before this court and obviously was not brought to the attention of the presiding judge in the court below; otherwise, if it had been shown that the omission was an error, an amendment of the return in accordance with the fact would have been allowed by the court if deemed to be in the furtherance of justice. *Hobart* v. *Bennett,* 77 Maine, 401. As there is no evidence before this court in relation to it, the exceptions must be sustained on this ground alone, and the case remanded to the court below where the truth in regard to the service may be elicited and if necessary the officer be allowed to amend his return according to the fact. If the return is amended to show that the summons and copy were in fact left at the defendant's last and usual place of abode, the motion to dismiss the action must be overruled. If the return is not amended the motion to dismiss must be sustained unless further service of the writ shall be ordered. See chapter 61, Laws of 1905.

*Exceptions sustained.*