E. H. KITTREDGE *v.* THE FAIRBANKS COMPANY.

In vacation after May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed February 27, 1917.

*Motion to Dismiss—Amendment—Returns—Judicial Writs—
    Description of Defendant as Foreign Corporation—Attach-
    ment—Perfecting Service.*

After overruling a motion to dismiss because of insufficient service
    of the writ, as shown by the officer's return, the court may properly
    allow the return to be amended.

A writ of summons and attachment is not a judicial writ.

The statement in a writ that the defendant is a corporation having its
    principal office in Boston in the State of Massachusetts *prima facie*
    establishes its status as that of a foreign and non-resident cor-
    poration.

Where a defect in a writ, made the ground of a motion to dismiss, is
    one that may be cured by amendment, the defendant is not en-
    titled to have the writ dismissed, as against a subsequent motion
    for leave to amend.

Defendant was described in the writ as a corporation without designat-
    ing the State of its incorporation. Service was made by attaching
    defendant's property by copy lodged in the town clerk's office,
    and by delivery of a copy of one described as defendant's agent
    "for want of a designated service of process agent within this
    State." *Held,* the defect in the description of defendant might be
    cured by amendment, and, since the jurisdiction of the property
    acquired by the attachment afforded a basis for retaining the suit,
    service might thereafter be perfected as required by statute.

ASSUMPSIT. Heard on defendant's motion to dismiss at the
March Term, 1915, Orleans County, *Miles,* J., presiding. Motion
overruled, *pro forma,* and defendant excepted. After the above
ruling and exception, the court allowed the officer to amend his
return upon the writ, and the defendant thereupon again moved
to dismiss the action. Motion overruled. Defendant excepted.
The opinion states the case.

*F. E. Miles* and *J. W. Redmond* for defendant.

*Williams & Smith* for plaintiff.

MUNSON, C. J.   The writ in this suit commanded the officer to attach the goods of ''The Fairbanks Company, a corporation existing and doing business under and by virtue of law, and having its principal office in the City of Boston, in the State of Massachusetts.''   The service of the writ, according to the return as originally made, was by attaching as the property of the defendant a gasoline engine located on certain described premises in the village of Orleans, and leaving a copy of the writ in the town clerk's office in the town of Barton, and delivering a copy for the defendant to John Willis of Newport in the county of Orleans, ''a resident agent of said defendant.''   The defendant appeared specially by its attorney, and moved to dismiss the cause on the ground that the court had no jurisdiction of the defendant, for the reason that the service on it was not in the manner prescribed by the statute.   The motion was overruled *pro forma,* and the defendant excepted.   The court thereupon allowed the officer to amend his return according to the fact, and it was amended by entering therein after the words ''a resident agent of said defendant,'' the words ''for want of a designated service-of-process agent of said defendant within this State.''   The defendant then filed another motion to dismiss, on the grounds stated in the first motion, and this motion was overruled, and an exception taken.

The court could properly permit an amendment of the return after overruling the first motion, and we pass at once to a consideration of the case as it stands with the return amended. The plaintiff's argument is based upon the claim that the writ sets up the defendant as a foreign corporation.   The defendant claims that there is nothing in the writ to show whether the defendant is a foreign or a domestic corporation, nor what its business is, and therefore nothing by which to test the sufficiency of the service; and claims further that the return fails to show a valid service on the defendant, whatever its classification.

The plaintiff supports his claim by a reference to P. S. 1444, and apparently relies upon some statutory provision, not cited, relating to a service-of-process agent.   P. S. 1444 relates to the service of judicial writs upon non-residents, and has no

application here.  A writ of summons and attachment is not a judicial writ.  32 Cyc. 421, note "original writ"; *Walsh* v. *Haswell,* 11 Vt. 85.  The defendant assumes that the other provision relied upon by the plaintiff is P. S. 1447.  This section permits the filing by certain classes of foreign corporations of a stipulation that process against the corporation may be served by leaving copies with the secretary of state, and in default thereof authorizes a service by leaving copies with any agent of the corporation.  There is nothing in this writ or return to bring the defendant within any of the classes named.  But the plaintiff may have relied upon P. S. 781, which was in force when the writ was served, but was repealed by No. 59, Acts of 1915, which took effect April 1st.  This is one of several sections relating to the registration of foreign corporations, other than certain excepted classes, and requires the designation of a person residing and having an office or place of business within this State "upon whom process against the corporation may be served herein." Here, there is nothing to show that the defendant is not within one of the excepted classes.  Moreover, the statement covering the designation is required only of foreign corporations doing business in this State, and there is nothing in the writ or return to show that the defendant is doing business here.

The classification of a corporation as domestic or foreign depends upon whether it was organized under the laws of this State or of another state.  P. S. 27.  We think the statement that the defendant has its principal office in the City of Boston in the State of Massachusetts *prima facie* establishes its status as that of a foreign and non-resident corporation.  The provision for "holding" personal property without removal by lodging a copy in the town clerk's office, contained in P. S. 1452, pertains both to individuals and corporations, and in the case of corporations, to both domestic and foreign.  It is only when the officer proceeds to complete the service of the process by the delivery of a copy of the attachment and summons that the statutory requirements differ.

The defendant is sued as a corporation, and is given a description *prima facie* sufficient.  When the defect complained of is one that may be cured by amendment, the defendant is not entitled to have the writ dismissed, as against a subsequent motion for leave to amend.  *Bent* v. *Bent,* 43 Vt. 42, 47.  We think the difficulty here is one that can be obviated by a further

amendment.   This property was lawfully seized and held by the copy left in the town clerk's office, whether the corporation is domestic or foreign, and if foreign, whether it belongs to the first or second of the statutory classes above indicated; and the jurisdiction of the property thus acquired affords a basis for retaining the case and perfecting the service.

*Judgment overruling the motion to dismiss affirmed, and cause remanded.*