UNITED STATES CLOTHESPIN CO. *v.* THE ROBERTSON PAPER CO.

October Term, 1927.

Present:   WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed November 10, 1927.

*Amendment of Return of Officer or Other Person Authorized To Serve Process—Discretion of Court—G. L. 2275—How Sufficiency of Service on Nonresident Corporation Outside State Determined—Affidavit of Service.*

1.  Rule that court in its discretion may permit officer serving process to correct his return to conform to facts, applies equally to affidavit of service made under G. L. 2275 by person authorized to make service on nonresident corporation by delivery of copies of process and pleading to defendant outside State, and such discretion is to be liberally exercised when interests of innocent third persons will not be prejudiced and ends of justice will be served.

2.  Where trial court permitted affidavits of service made under G. L. 2275 on nonresident corporation to be amended to conform to facts, *held* that sufficiency of service, when challenged, was to be determined by the amended, and not the original affidavits.

3.  Under G. L. 2275, requiring person, authorized to make service on nonresident defendant by delivery to defendant outside State of copies of process and pleading, to state in his affidavit

reason why he knew he was making service on defendant named in process, *held* that whatever satisfies court that service has been made on right person, though not conclusive evidence of fact, is sufficient if defendant is person actually served.

4. Affidavit made under G. L. 2275 by person, authorized to make service on nonresident corporation by delivery to defendant outside of State of copies of process and pleading, stating that service was made by delivery of such copies to the treasurer of defendant corporation, and that affiant knew the person to whom such copies were delivered to be such treasurer because he had previously done business with him, *held* to sufficiently comply with requirement of G. L. 2275 that affiant state why he knew he was making service on defendant named in process.

ACTION OF CONTRACT. Defendant was a nonresident corporation and was served by special order of service for delivery of certified copies of process and pleading outside State. Defendant appeared specially and moved to quash service and dismiss suit for insufficiency of service. While motion was pending, trial court permitted affidavits of service to be amended. Trial by court at the September Term, 1926, Washington County, *Graham,* J., presiding. Motion overruled, and defendant excepted. *Affirmed.*

*Harry C. Shurtleff* for the defendant.

*Fred E. Gleason* for the plaintiff.

POWERS, J.   The defendant is a nonresident corporation, and service was made upon it under G. L. 2275. Proof of service was by the affidavit of Wm. L. Butcher, who affirmed that he delivered the necessary copies to Daniel F. Collins, the defendant's secretary, and by the affidavit of Henry Brouillard, who affirmed that he delivered such copies to Chas. H. Andrews, the defendant's treasurer. The defendant appeared specially and filed a motion to quash the service and dismiss the suit on the ground that the service was defective in two particulars: (1) The affidavits did not show where the attempted service was made; and (2) they did not state sufficient reasons why the

affiants knew that the corporation served was the defendant herein. With this motion pending the court allowed the affidavits to be amended by the filing of supplemental affidavits of the affiants, and thereupon overruled the motion. The defendant excepted, and the case was sent here before trial.

[1-4]   Passing over the technical objections to the motion raised by the plaintiff, and taking up the merits of the question presented, we find no error in the order excepted to. For present purposes, we will assume that the service as shown by the original affidavits was insufficient. But the amendments to these affidavits were properly allowed. This is shown by *Bent* v. *Bent,* 43 Vt. 42, wherein it was held that it was within the discretion of the court to allow a return to be corrected, though a motion to dismiss has been filed, considered, and decided before leave to amend was asked for. That case involved the return of a regular officer, to be sure, but the rule applies as well to the affidavit of service made by an authorized person. *Woodward* v. *Brown,* 119 Cal. 283, 51 Pac. 2, 63 A. S. R. 108; *First Nat'l Bank* v. *Kromer,* 126 Wis. 436, 105 N. W. 823; *King* v. *Davis* (C. C.) 137 Fed. 198. It also applies to service on foreign corporations. *Morris* v. *Cumberland Pro. & Ref. Co.,* 187 Ky. 15, 218 S. W. 302. The application for leave to amend is addressed to the sound discretion of the court, but that discretion is to be liberally exercised when the interests of innocent third persons will not be prejudiced and the ends of justice will be served. *Hefflin* v. *McMinn,* 2 Stew. 492 (Ala.), 20 A. D. 58. The books show that whenever the service is good, but the return is bad, the latter may be allowed to be amended so as to speak the truth. 21 R. C. L. 1329; *Lupkin* v. *Russell,* 108 Miss. 742, 67 So. 185, 186; *State* v. *Jefferson Drainage Dist.,* 151 La. 1006, 92 So. 592, 594; *Stewart* v. *Capital Fertilizer Co.,* 207 Ala. 596, 93 So. 641, 642; *Mudge* v. *Mudge,* 111 Neb. 403, 196 N. W. 706, 707; *Abbott* v. *Abbott,* 101 Me. 343, 64 Atl. 615, 617. This is not the case of a court amending itself into jurisdiction. True it is that legal service is necessary to give the court jurisdiction of the defendant (*Peoples Nat. Bank* v. *Hall,* 76 Vt. 280, 56 Atl. 1012), but this jurisdiction depends upon the facts and not the return. *Wade* v. *Wade,* 92 Or. 642, 176 Pac. 192, 178 Pac. 799, 182 Pac. 136, 7 A. L. R. 1143, 1146. So the sufficiency of the service here challenged is to be determined by the amended, and not the original, affidavits. Since it is now shown that Butcher's serv-

ice was made in Massachusetts and Brouillard's in Connecticut, the only ground of the motion left available to the defendant is the insufficieny of the reasons above specified.   Brouillard is a constable in Montville, Conn., where the record shows that the defendant maintains an office and place of business.   His amended affidavit shows that he made service at such office by delivering the necessary papers to Charles H. Andrews, treasurer of the defendant, and that he knew that Andrews was such treasurer because he had previously done business with him as such.   This was enough to satisfy the statute.   The purpose of the provision requiring the authorized person to state in his affidavit the reason why he knew he was making service on the defendant named in the process is to enable the court to determine whether jurisdiction over the defendant has been acquired by service on the right man.   The court is to decide whether it will proceed with the case or require new or further service.   Whatever satisfies the court on this question, though it is not conclusive evidence of the fact, is enough, provided of course, the defendant is the person actually served upon.   In this case it is not denied that the corporation summoned is this defendant.   It is not denied that the persons served upon were the clerk and treasurer, respectively, of the defendant corporation.   The defendant has been lawfully summoned, and the affidavits now sufficiently show that fact.

*Affirmed and remanded.*