## Arthur Paul d.b.a. Paul & Paul v. John Barhydt et al

[196 A.2d 509]

October Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed December 3, 1963

*Paul A. Bourdon* for the plaintiff.

*Billings & Sherburne* for the defendants.

**Hulburd, C. J.**  The plaintiff by a writ of summons and attachment sought to recover for material and labor furnished the defendants, John Barhydt and Elizabeth D. Barhydt, of Woodstock, Vermont.  The record shows that service was made by attaching the real estate of the defendants in Woodstock by lodging by the officer of a copy of the writ in the Woodstock town clerk's office and by delivering "to Elizabeth Sherburne Res. Atty. for said defendants (a) like true and attested copy of said writ, with a list and description of property and estate so attached, with this my return thereon endorsed."

The defendants filed a motion to dismiss.  The matter was heard by the trial court with no reporter being present, and counsel for the

plaintiff states in his brief, that it was his understanding that the parties were to "abide by the decision of the lower court" and apparently forego any appeal. There is nothing before us to show there was any such agreement, and apparently the trial court did not so understand it, because following the denial of the defendants' motion it proceeded to give the defendants leave to come to this Court before final judgment. In so doing it certified the following question:

"Was the service of process in accordance with Vermont Statutes Annotated, it not being made on a known resident agent of record but on an indicated Attorney at Law?"

The plaintiff contends that the officer's return shows that good service has been made on the defendants under 12 V.S.A. §812. The trouble is that this provision relates to the service of "judicial writs." A writ of summons and attachment is not a judicial writ. *Kittredge* v. *Fairbanks Co.,* 91 Vt. 174, 176, 99 Atl. 1016. Indeed, were it otherwise, the writ in this case would not be properly signed, since it was signed by Paul A. Bourdon, attorney for the plaintiff, whereas judicial writs must be signed "by a member or clerk of the court to which they are returnable." 12 V.S.A. §655. Since this was not a judicial writ it could not be served as such and 12 V.S.A. §812 does not provide a manner of service which could properly be employed. If the officer's action in serving the writ here could be used to provide the basis for an amended return which would comply with some other statute, pertaining to service in a case of this sort, the return might be amended to comply with such a statute. We know of no such statute, however, and none has been suggested to the Court. 12 V.S.A. §3291 is not available since the record does not show that the defendants reside outside the state.

For the reasons stated, it would serve no purpose to pass on the question of whether the officer's return shows a proper service pursuant to 12 V.S.A. §812. As we have seen, it was not available to the plaintiff in connection with a writ of summons and attachment.

*Cause dismissed.*