ROWAN VS WALLACE, JUDGE, &C.

The return of a sheriff, by endorsing on the process, that service was acknowledged by defendant, is sufficient.

Error to the Circuit court of Madison county.

Debt on administration bond. In this case, a question arose, upon one of the grounds stated in the bill of exceptions, to wit:

That the court below erred, in rendering judgment without a return of the sheriff, that the writ had been executed, and without proof that the plaintiff in error had acknowledged the service of the writ.

The return of the sheriff, endorsed on the writ, was as follows:

"Service acknowledged, 15th August, 1836.

"M. M. Rowan."

"Received, 15th August, 1836.

"D. B. Turner, sheriff."

"Service acknowledged by defendant.

"D. B. Turner, sheriff."

*Hopkins & Parsons*, for the plaintiff in error.
*McClung*, contra.

COLLIER, C. J.—All the points made in this case, have been decided against the plaintiff in error, by the opinion delivered at the present term, in Searcy & Fearn vs Thompson, judge, &c. , except that which relates to

the insufficiency of the service of process upon the plaintiff.    On the original process, the record informs us, were the following endorsements :

"Service acknowledged, 15th August, 1836.

"M. M. Rowan."

"Received, 15th August, 1836.

"D. B.  Turner, sheriff."

And "Service acknowledged by defendant.

"D. B.  Turner, sheriff."

Whether  the acknowledgment of  service certified by the sheriff, be that to which the name of  the plaintiff is subscribed, or whether it relate to some verbal acknowledgment made thereafter, we are not informed, but will intend  it to have  been  made to  the sheriff, at  a time when the  writ was in his hands for service.   The statute, in regard to the execution of  original process, is as follows :

"It shall not be  necessary, that  any  declaration, or copy  thereof, accompany  such  writ  of  process,  but a copy of such  writ shall be  left with  the  defendant at the time of  serving, and  by  the officer serving the same, &c."—Aik. Dig. 278.

This act, it is argued for the plaintiff  in error, excludes every other  mode of  executing  original process  that it expressly provides for, that it may be likened  to the law which  authorises a judge to take the acknowledgment or probate of  deeds, and must be interpreted  according to its letter.   It is true, that this court decided  that the statute upon the  latter subject, did not authorise a court acting *judicially,* to take the acknowledgment of a deed, though its judge or clerk had authority, as an *independent*

Rowan *vs.* Wallace, Judge, &c.

*ministerial act*, to take such acknowledgment—Munn & Griffin vs Lewis, (2 Porter's R. 24.)

The analogy between that case and the one before us, in our opinion, will not hold good.    In regard to the acknowledgment or probate of deeds, the judge and clerk derive their entire authority over the subject, from a legislative act, and according to a well settled rule applying to such cases, the mode which the statute prescribes for the execution of the power it confers, must be followed.    But the sheriff is an officer known to the common law, possessing extensive authority, and held to a strict accountability for its abuse.    He was required to execute process according to its mandate,—the same duty is enjoined on him here; unless the law has pointed out a different manner of execution.    This has been done in regard to the *capias ad respondendum,* (which is the original process usually employed with us,) though it directs the caption and detention of defendant's body, yet it is regarded by the law, merely as a summons, unless by an endorsement thereon, *bail is required.*    The object of the statute, in directing the sheriff to furnish the defendant with a copy of the writ, was doubtless to advise him of the complaint to which he was required to answer, and being intended for his *benefit only,* it was surely competent for him to dispense with it.

If the sheriff makes a false return, he is always liable to the action of the party aggrieved, and the difficulty of falsifying his return, would be no greater, where he returns "service acknowledged," than where he returns "executed, by leaving a copy with the defendant."    In either case, it would be great, unless it could be shewn

that the defendant was not in the county at the time the process was in the sheriff's hands.

Considering the common law powers possessed by a sheriff at the time the act we have cited, was enacted, the manner it provides for serving process does not, in our opinion, exclude every other mode of execution, as agreeable to the defendant, and as beneficial to the plaintiff. The return of the sheriff must be accredited, and the plaintiff in error be taken to have had due notice of the pendency of the action against him—Welch vs Walker, et ux, (4 Porter's R. 120.)

The judgment is therefore affirmed.