EARBEE et al. *vs.* WARE.

1. Where defendant acknowledges service of a writ, and waives a particular entry required in the case—the acknowledgment, if proved, is sufficient to give the court jurisdiction, and every thing consistent with the record, will be intended to sustain the judgment.

Error to Sumter Circuit court.

Assumpsit, before *Chapman,* J.

On the ninth day of March, eighteen hundred and thirty-eight, the defendant in error caused to be issued, by the clerk of the Circuit court of Sumter, a writ of *capias ad respondendum* against the plaintiffs, in usual form. The plaintiffs, Rain & Johnston, are described as "late partners in trade," &c. The writ does not appear to have been placed in the sheriff's hands, but on it is endorsed an acknowledgment, as follows:

"We acknowledge service of the within writ, and waive its being entered on the appearance docket. 9th March, 1838. WM. EARBEE,

RAIN & JOHNSTON."

In the record, there is a declaration on the cause of action, endorsed on the writ, which is entitled of the term to which the writ was returnable.

An entry of judgment was made of record, at the first trial term, beginning as follows: "Came the plaintiff, by attorney, and proved to the court the service of process herein; and the defendants being solemnly called to come into court and defend this suit, as they were this day

Earbee et al. *vs.* Ware,

bound to do, came not, but made default.   It is therefore considered," &c.

From this judgment, the plaintiffs have prosecuted their writ of error to this court, and insist that the same is erroneous—

1. Because the writ was not retuned to the term of the court, to which, on its face, it was properly returnable;

2. Because the court, at the term when its judgment was rendered, had no jurisdiction of the case—the same having been discontinued by operation of law;

3. Because the service of process does not appear from the record to have been proved.   -

*Porter*, for plaintiff in errror,

COLLIER, C. J.

1st. In respect to the first point, it no where appears from the record, that the writ was not in court both before and during the term first after its issuance.   It may have been there, and actually entered upon the appearance docket: such a supposition is only negatived, by the waiver made by the plaintiffs in error, in their acknowledgment of service; and if such an inference were necessary to sustain the judgment of the Circuit court, according to the rule, which makes every intendment consistent with the record, in favor of the regularity of the proceedings of courts of justice, it would be our duty to make it; but we need not intend the writ to have been regularly docketed.   True, it is made the duty of the clerks of the Circuit and County courts, to "enter all causes on the appearance docket, according to the order

in which the writs were received by the sheriff"—(1. *Rule of Practice in Circuit and County courts*, 1 Stew. R. 615,)—yet the observance of this rule is not considered as indispensable to entitle a case to a place in court, or to invest the court with jurisdiction.   If a clerk shall omit this duty, will his neglect operate a discontinuance of the suit?   Be this as it may, surely it is competent for a defendant to waive in advance, the advantage of every defence which the omission may furnish him.   The plaintiffs have done this, and cannot now be allowed to call in question the legality of their act.

2d.  At a very early day, the question was directly raised, whether a *writ* was not necessary to give to the Circuit court jurisdiction of a cause.   There, there was a confession of a judgment, without either writ or declaration, and the court say, " The chief end of the writ and declaration, is to bring the defendant before the court, and give him notice of the cause and nature of the action, that he may have an opportunity to defend.   If he waives his right, he acknowledges himself duly before the court, and consents that judgment may be rendered against him for a certain amount; he cannot afterwards be permitted to complain of irregularities"—(Caller vs. Denson, Ala. Rep. 18.)

In Welch, adm'r, vs. Walker and wife, (4 Porter's Rep. 120,) this court strongly intimate, (and in truth such was its opinion,) that it was not necessary, in order to bring a defendant into court, that the writ should have been placed in the sheriff's hands, and executed by him, but that proof of the acknowledgment of service by the party against whom it issued, would be available.   Our views

upon the first point show, that in the present case, the suit was not discontinued by operation of law; and our conclusion upon the second point is, that in order to give to the court jurisdiction, it was not necessary that the writ should have been executed by the sheriff, or that he should at any time have been charged with it. This brings us to consider the last question.

3d. It has been repeatedly decided by this, and all other appellate courts, that every fair presumption should be made in favor of the proceedings of courts, having a general jurisdiction over the subject matter adjudged. This rule applies as well to the case before us, as if the service of process had been effected by the sheriff, or other executive officer of the law. The acknowledgment of service being legal, must be quite as effectual for all purposes, as if made in the usual manner. With this rule in view, let us for a moment examine the proof of service afforded by the record. It is stated, that the plaintiff came by his attorney, " and proved to the court the service of process herein." How did he prove it? As to the manner and *quantum* of proof, the record is entirely silent; yet, as it was the duty of the Circuit court to have required such proof as was legal, and so much as was necessary, we must suppose that the duty enjoined upon that court was performed according to law. But it is objected, that the acknowledgment of service, in the name of Rain & Johnston, was irregular; that the co-partnership, of which they had been members, being previously dissolved, one of them could not accept the service of process in their joint names. The legal conclusion of this argument is clearly correct, but it is not

sustained by the facts. It does not appear but the act had the concurrence both of Rain & Johnston, or that it was not adopted by them. Now, as the Circuit court, on this point, should have required the *necessary legal proof*, we must suppose that the requisition was made.

This view being decisive of the case, it results, that the judgment of the Circuit court is free from error, and must be affirmed.