### NORWOOD & CHAMBERS VS. RIDDLE.

1. An acknowledgment of the service of process endorsed on the writ, is not proved by showing it to have been in the hands of the officer to whom it was directed—such officer should, by his return, have affirmed the genuineness of the acknowledgment.

2. The Supreme court cannot allow a discontinuance, where none was entered or attempted in the court below.

Error to Jackson County court.

Assumpsit on note.

The defendant in error sued the plaintiffs on a promissory note, by petition and summons returnable into the County court of Jackson. The process was directed " to any coroner," &c. who returned the same with the following endorsements thereon, viz :

" I acknowledge service of the within writ. Feb. 6th, 1838. HENRY NORWOOD."

" Received the same day issued, and executed on John G. Chambers, by handing a copy of the within. Feb. the 6th, 1838. DANIEL M. MARTIN, Coroner."

The petition and summons, from a note made at the

9 P                    54

first of it, appears to have issued on the fifth February, eighteen hundred and thirty-eight.

Neither of the plaintiffs in error appeared in the County court, and a judgment by default was rendered against them. They now assign for error, that the record does not show that process had been served on Norwood.

*Hopkins*, for plaintiff in error.
*Robinson*, contra.

COLLIER, C. J.—In the case of Welch, adm'or, vs. Walker et ux. (4 Porter's R. 120,) this court decided that the mere endorsement on process of an acknowledgment of service, without proof of the genuineness of the signature of the defendant, will not authorise a judgment. In that case, it did not appear that the process had been in the sheriff's hands, and in their opinion, the court say, " if the writ appeared to have been received by the sheriff, such a return as the above might be considered as his return; but the mere appearance of the acknowledgment by the defendant, of his name on the back, is not *prima facie* evidence of the fact." The generality of the terms employed by the court, may seem to authorise the conclusion, that the acknowledgment would be sufficiently proved by the endorsement of the sheriff, stating the reception of the process by him, though he had not vouched its genuineness by his return of service. We are sure that such was not the opinion of the court: the court meant to be understood as saying, what they afterwards said in Rowan vs. Wallace, judge, &c.—(7 Porter, 171.) That where a writ went into the hands of the sheriff,

Norwood & Chambers *vs.* Riddle.

and service was acknowledged by the defendant, and so returned by the sheriff, no further proof was necessary.

In the case before us, it is insisted, that as the acknowledgment of service appears to have been made by Norwood, subsequent to the receipt of process by the coroner, it should be intended that it was made under his inspection. Now, the date is not conclusive, to show the time of the acknowledgment—it may have been written before or after; nor by any just course of reasoning, is the fact of the process having been in the coroner's hands, evidence sufficient to show, that the acknowledgment was made by Norwood—If the fact were so, the coroner should have certified its truth by his return. In the absence of proof, the judgment was unauthorised.

It is argued for the defendant, that if the judgment be unauthorised, it may be reversed, and rendered against Chambers, and a discontinuance here entered as to Norwood. This argument, we think, is not well founded. The manner in which this court is organised, requires it merely to review the judgments, &c. of inferior courts, &c.—it cannot allow the defendant to discontinue his suit here, as to one of the plaintiffs in error; no discontinuance having been entered or attempted in the County court, that court was in no default, and consequently, such an application does not come within the revisory jurisdiction of this court.

The judgment is reversed, and the case remanded.