JONES, Adm'r, vs. BEVERLY et al.

[BILL IN EQUITY BY WARDS TO CHARGE GUARDIAN WITH VALUE OF COTTON PURCHASED WITH FUNDS BELONGING TO THEIR ESTATE.]

1. *Ward; how may elect to charge guardian.*—Wards may elect to charge their guardian with the value of cotton received by him in payment of a note in his hands belonging to their estate.

2. *Same; bill in equity by wards to charge guardian with value of property bought with money of their estate, when defective.*—A bill filed for that purpose, after the wards or either of them have attained their majority,

is defective if it seeks a settlement of that item only, and not a general settlement of the guardian's accounts, but it is not without equity, and if no objection is made in the court below, the defect will thereby be waived, and it can not be made an objection for the first time, on appeal.

3. *Appearance; what indorsement equivalent to.*—An indorsement made on a bill filed against a non-resident in the following words, to-wit: "I hereby waive the necessity of the publication of this bill, and agree that the service shall be considered as perfect, and no objection to be made, I claiming the right to the same length of time to plead, as in case of non-residents. March 13th, 1866. D. M. Seals, solicitor for J. M. Lampley," if assented to by the plaintiff, is equivalent to an appearance, and will authorize a decree *pro confesso* if no answer be filed within the time stipulated, without proving the authority of the solicitor. The authority of the solicitor will be presumed.

4. *Decree pro confesso; effect of.*—A decree *pro confesso* taken against a defendant is an admission of the facts stated in the bill, and entitles the complainant to relief without further proof; and if after the defendant's death his administrator voluntarily makes himself a party, and the suit is revived in his name, an answer by the administrator is not generally required, unless an admission or discovery is necessary. If, however, a decree *pro confesso* is taken against him, it will not prejudice him nor increase his responsibilities, and will be treated as an error without injury.

5. *Account; when evidence on which is based, need not be set out.*—Where the chancellor states an account without a reference to the register, and witnesses are examined *viva voce*, if no exceptions are taken to the account, the evidence need not appear in the record.

6. *Testimony, note of; when omission of, not such error as will reverse decree.*—When a cause is submitted on the bill, decree *pro confesso* and proofs, as the decree *pro confesso* is sufficient to entitle the complainant to relief without further proof, the omission to make a note of the evidence, under Rule 74 in chancery, is not an error for which the decree will be reversed.

APPEAL from the Chancery Court of Barbour and Henry. Heard before Hon. B. B. McCRAW.

The facts are fully stated in the opinion.

STONE, CLOPTON & CLANTON, for appellant.
J. L. PUGH, *contra.*

[The briefs did not come into the Reporter's hands.]

PECK, C. J.—The bill in this case was filed on the 6th day of March, 1866, by appellees, Ann E. and Christian Beverly, over the age of twenty-one years, and William N.

Beverly, an infant, by his next friend and guardian, Henry D. Clayton. The bill was filed in the ninth chancery district in the eastern chancery division, and states, among other things, that about the first day of February, 1862, the said deceased, John M. Lampley, then a resident of said chancery district, but at the time of filing the bill, the 6th day of March, 1866, resided out of the State, and in parts unknown to complainants, was their guardian, and held as a part of their estate, a certain promissory note, for seventeen hundred dollars, due about the first day of February, 1861; that about the first of February, 1862, he received in payment of said note several bales of cotton, weighing in the aggregate twelve thousand two hundred and forty pounds, at the rate of fifteen cents per pound; that upon a return for final settlement, in the probate court of Barbour county, said guardian failed and refused to charge himself with said cotton as the property of complainants, but charged himself with said note, as if the same had been paid in Confederate currency, which, at the time of filing of said bill, was worthless; that by appropriating said cotton to himself, said guardian made a large speculation and profit, to-wit: the sum of five thousand dollars.

The bill prays that said guardian be held to account for said cotton, and in case he had disposed of the same, then the value of the profits thereof, as the property of complainants, and for general relief.

Attached to said bill, was an affidavit of the said next friend of the infant of complainant, that the defendant, said John M. Lampley, was over twenty-one years of age, and resided out of the State, and in parts unknown to affiant.

On the 13th day of March, after the bill was filed, the following endorsement was made upon said bill, to-wit:

" I hereby waive the necessity of publication of this bill, and agree that the service shall be considered as perfected, and no objection to be made, I claiming the right to the same length of time to plead, as in case of non-residents.

" (Signed)                                   D. M. SEALS,
" March 13th, 1866.              Sol. for J. M. Lampley."

The defendant having failed to plead, answer or demur to the bill, on Monday, the 18th day of November, 1866, a decree *pro confesso* was entered in the register's office. At the next May term, 1867, the death of the defendant was suggested, and at the November term, 1867, on motion of appellant, as administrator with the will annexed of said deceased, he was made a party defendant, in the place of said deceased, and the cause was revived against him, and continued.

On the 8th of January, 1868, the said administrator having failed to answer or demur, or otherwise to defend against said bill, a decree *pro confesso* was entered against him in the register's office.

In May, 1868, complainants filed interrogatories to take the deposition of David Stephens, the maker of the note mentioned in the bill, to prove the payment of the same in cotton, as stated in the bill. Service of these interrogatories was accepted by the solicitors of the administrator, and copy was waived. The deposition of this witness was accordingly taken.

At the May term of the court, 1869, the cause was submitted for a hearing, on the bill of complaint, the decree *pro confesso*, and proof. No note of the testimony appears to have been made by the register under Rule 74, chancery practice. The chancellor decreed that the complainants were entitled to relief. The decree states, that the chancellor stated an account, and found, upon the proof on file, and other oral evidence, that between the time when the cotton was appropriated by said Lampley, and the time when the bill was filed, it was worth forty cents per pound, making the amount which the complainants were entitled to recover against the administrator, the sum of five thousand eight hundred and fifty-two 32-100 dollars, and he rendered a final decree for that sum; and in default of payment in sixty days, directed that execution should be issued, to be levied of the goods and chattels of the estate, &c., in his hands to be administered, and taxed him with the costs.

The administrator has appealed to this court, and assigns the following errors:

1. The court erred in rendering a decree *pro confesso* against appellant.

2. The court erred in rendering a final decree.

3. The court erred in the final decree rendered.

4. The court erred as shown in the record.

1. It is insisted that the decree *pro confesso* against the deceased, John M. Lampley, is irregular and erroneous, and without any force and effect against appellant, his administrator, because it was rendered on an admission of the acceptance of service by a solicitor, and recites no proof of the authority of the solicitor to accept service.

We think the endorsement on the bill, although not an appearance entered in conformity to the first general rule of practice, must be regarded as equivalent to it, and therefore amounts to an appearance in this case. It contains all that the rule requires, except that it was not made on the appearance docket. It is signed by the solicitor, and being on the bill itself, it sufficiently shows the cause in which he appeared, and the party for whom he appeared, there being but one defendant in the case, and it was properly dated. This, if it had been made on the docket, would have been a regular appearance of record. The authority of the solicitor will be presumed. It may be, the complainants might have refused to recognize this as an appearance, and proceeded to bring the defendant into court by publication, but they were not bound to do so. They trusted to it as an appearance, gave the delay stipulated for, and then, for want of an answer, had the decree *pro confesso* regularly entered in the register's office. No objection was made to this by the deceased, before his death, nor by the appellant after he had, on his own motion, made himself a party, and had the cause revived in his own name, as administrator. If this decree *pro confesso* was irregularly taken, it should have been objected to, in the court below; it is too late to do it, for the first time, in this court.

After an irregular decree *pro confesso* has been entered against a party, his subsequent appearance by his solicitor, without objecting to the irregularity, is a waiver of it.

*Bank of St. Mary's v. St. John Powers & Co.*, 25 Ala. 566. This is a stronger case than that; here was an appearance before the decree *pro confesso* was entered.

2. If the decree *pro confesso*, entered against the appellant after the cause was revived against him, was unnecessary, yet he was not prejudiced by it, nor were his responsibilities thereby increased. If it was an error, it was an error without injury. Where a cause is revived against personal representatives, after an answer of the testator or intestate, no further answer is, generally, necessary, unless some admission or discovery is necessary, as, for instance, the admission or discovery of assets. Story's Eq. Pl. §§ 374, 375. So, a *revivor*, after a decree *pro confesso* against the original defendant, for a like reason, no answer is necessary, because all the statements of the bill are admitted by the decree *pro confesso*, upon which the complainant is entitled to relief, without further proof.—*Arnold v. Shepherd*, 6 Ala. 299; *Wellborn et al. v. Tiller et al.*, 10 Ala. 305; *Butler v. Butler*, 11 Ala. 668.

3. As the decree *pro confesso* was sufficient to entitle the complainants to relief, without further proof, the omission to make a note of the evidence, under Rule 74, is not a reversible error, in this case. However, as it was necessary to take and state an account, to ascertain the measure of relief, parol, or *viva voce* evidence was admissible for that purpose; and as no exception was made to the account so taken, it was unnecessary that the evidence should appear in the record. It was competent for the chancellor to take this account, if he chose to do so, without referring it to the register.

We will now examine certain objections to the bill of complaint.

1. It is objected that it was not filed to correct a settlement in the probate court under section 2451 of the Revised Code. This is true, because no settlement had been made in that court, to be corrected.

2. That it was not a bill to have a final settlement by the guardian, but only to require him to account for certain property received by him, in payment of a debt belonging to, and being a part of, his wards' estate. If this

objection had been made in the court below, the chancellor would not have dismissed the bill, but might have required it to be amended.   No objection, however, was there made, and it can not be made for the first time in this court.

3. It is also said, if the object of the bill was to remove a settlement from the probate court into the chancery court, it shows no reason to authorize such a removal.   It is a sufficient answer to say, such was not the object of the bill, as no settlement was going on in the probate court when the bill was filed.   True, the bill states the guardian had made a return for a final settlement, but it does not appear that any proceedings had been instituted on said return.

4. It is alleged the bill is without equity.   But guardian and ward is a general head of equity jurisdiction, and, besides, the court of chancery is the guardian of infants, and has authority, by virtue of its general powers, to protect their rights.   If the bill is defective, because in this case it did not seek to have a final settlement of the guardian's accounts, but of one item only, objection for this defect should have been made in the court below ; but this defect does not deprive the bill of its equity.   The complainants had a right to elect to hold the guardian accountable for the cotton taken in payment of the note in his hands, belonging to their estate, and the filing of the bill was such election.

The guardian might have objected to a settlement of this item by itself, and insisted upon the bill being dismissed or amended, so as to have authorized a final settlement of his guardianship, but he did not do this ; he must, therefore, be held to have waived this defect in the bill, and assented to a settlement of this matter by itself.

An examination of the record discloses no available error.   The decree of the court below is, therefore, affirmed, at appellant's cost.