# Daughtry v. Thweatt.

### Statutory Action of Ejectment.

1. *Guardian and ward; sale of ward's lands under decree of probate court can not be collaterally assailed.*—A proceeding in the probate court for the sale of the ward's property is a proceeding *in rem*, and the jurisdiction of the court of probate attaches when an application for an order of sale is made by the guardian, disclosing a statutory ground for the sale, and is presented to and acted upon by the court; and the sale of the lands in obedience to a decree in such a proceeding can not be collaterally attacked.

2. *Same; same.*—The validity of a sale of ward's property under a decree of a court of probate on application by the guardian, for the purpose of re-investment, can not be collaterally assailed, on the ground that the sale was made without notice to the ward, and without the appointment of a guardian *ad litem* to represent the ward.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

This was a statutory action of ejectment, brought by Ella E. Daughtry against Mildred I. Thweatt. Issue was joined on the plea of the general issue. The facts showing the claims and the titles upon which the plaintiff and the defendant, respectively, based their right to the lands sued on are sufficiently stated in the opinion.

The defendant interposed a demurrer to the plaintiff's evidence, which was sustained by the court, and the plaintiff duly excepted. At the request of the defendant in writing, the court gave the general affirmative charge in her behalf, and to the giving of this charge the plaintiff duly excepted.

There was judgment for the defendant. Plaintiff appeals, and assigns as error the sustaining of the demurrer to her evidence, and the giving of the general affirmative charge in behalf of the defendant.

P. B. MCKENZIE, for appellant.—The effect of the suit in ejectment is to assail the decree of sale and other proceedings in the probate court as void. This is a collateral attack, and those proceedings must be absolutely void, for this suit to be maintained. Mere irregularity will not suffice.

[Daughtry v. Thweatt.]

At common law guardians could not sell ward's property for the purpose of re investment.—9 Amer. & Eng. Encyc. of Law, '126. In Alabama this right was given, first, by act of General Assembly, approved January 31, 1852. Such sales are void unless conducted in strict accordance with the statute authorizing them.—9 Amer. & Eng. Encyc. of Law, 127; *James v. Meyer*, 41 La. Ann, 1100; *McAllister v. Moye*, 30 Miss. 258; *Burrus v. Burrus*, 56 Miss. 92; *Johnston v. Cooper*, 56 Miss. 608; *Tederall v. Banknight*, 25 S. C. 275.

G. L. COMER, *contra*.—When the petition for the sale of the real estate was filed in the probate court of Barbour county, Alabama, said petition being regular on its face, and containing all of the necessary jurisdictional facts, said court acquired jurisdiction of the subject matter. This proceeding by suit in ejectment is a collateral attack on the proceedings in said probate court, and can not be successfully maintained, if the probate court rightfully obtained jurisdiction in the premises.—Code of 1886, § 2439; *Satcher v. Satcher*, 41 Ala. 26; *Hudgens v. Jackson*, 51 Ala. 514; *Dickey v. Vann*, 81 Ala. 425; *Lyons v. Hamner*, 84 Ala. 197; *Cantelou v. Whitley*, 85 Ala. 247.

BRICKELL, C. J.—This was a statutory real action for the recovery of two parcels of land situate in the city of Eufaula, in which the appellant was plaintiff and the appellee was defendant. The facts are that the legal estate in the premises at one time resided in the appellant. In December, 1881, the mother and guardian of appellant, who was then of the age of ten years, in the capacity of guardian, presented to the judge of the court of probate of the county of Barbour, in which county she and the appellant then resided, and in which county the premises were then situate, a petition in writing verified by affidavit, praying an order authorizing the sale of the premises, and for the reinvestment of the purchase money. The material allegations of the petition were that the premises were a residence lot in the city of Eufaula, which could be made a source of income only by renting; that it was expensive to keep them in repair; that owing to their location, and the nature of the property, the income they would yield would be but a small percentage of their actual value, not amounting to legal

interest, which would be considerably reduced by payments for taxes, insurance and repairs, and that the premises were the only real estate owned by the appellant. The judge of probate, having examined witnesses, made an order authorizing the sale of the premises for cash, requiring notice of the time, place and terms of sale to be given in precise conformity to the requirements of the statute. The sale was made, the purchase money paid, a report of it made, a confirmation of the report by the probate judge, and an order made directing a conveyance to the purchaser which was executed, the purchaser entering into possession, and under mesne conveyances from him, the appellee deduces title.

The statute under which the proceedings were had, provided: "For good cause shown, the judge of probate may authorize the sale of personal and real property of the ward, in such manner as he may direct; and direct its reinvestment in bonds, notes or bills of exchange, at interest on mortgage security, or in other property, in the name of the ward; but no sale of real estate must be had on less than forty days notice, which notice must be published once a week for three successive weeks in a newspaper nearest the place where the sale is to be made; and returns of sales must be made and confirmed as in sales of land by administrators."—Code, 1876, § 2785. The jurisdiction conferred on the judge of probate could not be called into exercise, without an application disclosing good cause for the sale of property real or personal. The statute is part of a system regulating the relation of guardian and ward, declaring the duties of the guardian, and committing to him the management and control of the ward's estate. He is the proper party to make the application. The application must have shown that the necessities or interests of the ward required the sale; and when this was shown, the jurisdiction of the judge of probate attached.

It is not controverted that the averments of the petition were sufficient to call into exercise the jurisdiction of the judge, necessitating that he should act and move in its exercise. The proposition is, that he could not proceed to an order of sale without notice to the ward, and without the appointment of a guardian *ad litem* to represent her. The proceeding the statute authorizes, has in it no element of an adversary suit *in personam*. All

[Daughtry v. Thweatt.]

such proceedings under analogous statutes authorizing the court of probate, or the judge of the court of probate, to license or confer power on executors, or administrators, to make sales of lands, or of personal property, since the case of *Wyman v. Campbell,* 6 Port. 219, have been regarded as proceedings *in rem;* and jurisdiction of the thing, and not of the person, as imparting validity to the proceeding when collaterally assailed.—1 Brick. Dig. 939, §§ 351-52. The jurisdiction of the judge of probate must have attached, or there could not have been notice to, or the appointment of a guardian *ad litem* for the ward. The one or the other would have been but movements in the exercise of the jurisdiction, attaching on the filing of the application for the sale. The notice and appointment of the guardian *ad litem*, would have been vain and nugatory, if the application had not shown good cause for the sale. Without the application there would not have been jurisdiction of the subject matter, and jurisdiction of the person however plenary could not have rendered the order of sale valid. The principle is now too firmly engrafted on our jurisprudence, to be drawn into controversy, that in proceedings of this character, the jurisdiction of the court of probate, or of the judge of probate, attaches when an application for an order of sale is made by a proper party, disclosing a statutory ground for the sale, and is presented to and and recognized by the court or judge. Whatever of error or irregularity may thereafter intervene, must be corrected by an appropriate revisory remedy ; because of such error or irregularity, the decree can not be collaterally assailed. The numerous authorities affirming this doctrine need not be referred to, they are known to and read by all the profession. The order of sale was not capable of impeachment upon either of the grounds on which it was assailed.

We must not be understood as assenting to the proposition, that notice to the ward, or the appointment of a guardian *ad litem* for her, was essential to the regularity of the proceeding. The statute makes no such requirement, and for the obvious reason, as we have said, that an adversary proceeding *in personam* is not contemplated. The application for the sale made by the guardian in her representative capacity, not in any individual right would seem to be but the application of the ward speak-

[Kelly v. Edmundson.]

ing and acting through her legal representative. Notice
to the ward could only inform her of the pendency of her
own proceeding, and warn her of a decree, or order
sought to meet her necessities or interests.—*Mohr v.
Manierre*, 101 U. S. 41. A guardian *ad litem*, could have
no duty or office to perform which the law had not de-
volved on the general guardian. Whenever a guardian
*ad litem* is deemed necessary for the representation of the
ward in the court of probate, · the statutes provide ex-
pressly for his appointment. In the proceeding for the
sale of lands under the statute to which we have refer-
ed, there is no authority for, or the requirement of, such
an appointment. This question, the necessities . of the
case, do not require us to decide, and we prefer to rest
our conclusions on the settled doctrine, which has so
long prevailed in this State, touching the character and
validity of sales made under the orders or decrees of the
court of probate,     .
    We find no error in the  judgment, and it must be
affirmed.