(100 South. 124)

## MORRISON v. COVINGTON. (7 Div. 472.)

(Supreme Court of Alabama. April 24, 1924.)

1. **Judgment ⟨key⟩17(1) — Personal service of summons or appearance essential to judgment against person.**

Without personal service of copy of summons on defendant, as required by Code 1907, § 4647, or appearance in person or by attorney of record, no valid judgment can be rendered against defendant.

2. **Process ⟨key⟩146—Parol proof of service or waiver by appearance inadmissible.**

Parol proof of service or waiver by appearance is inadmissible.

3. **Process ⟨key⟩134—Personal service of copy of summons held not shown by constable's return.**

Constable's return "executed by personal service and notice of garnishment by leaving copy at his home" showed no service of summons by personal service of copy of summons on defendant, as required by Code 1907, § 4647.

4. **Judgment ⟨key⟩273(8)—When entered nunc pro tunc without notice to opposite party, stated.**

Judgments nunc pro tunc are entered without notice to opposite party only where latter has had his day in court, and judgment is allowed on some entry or memorandum in court records which cannot be contradicted by parol proof of extraneous facts.

5. **Justices of the peace ⟨key⟩205(6)—Record certified to circuit court on certiorari cannot be contradicted by parol.**

Original record certified by justice to circuit court on certiorari cannot be contradicted by parol, except for fraud.

6. **Justices of the peace ⟨key⟩126—Cannot amend judgment long afterward without aid of entry or memorandum to show defendant's acknowledgment of service of summons.**

Justice's judgment cannot be amended six months afterward from his own memory, without aid of entry or memorandum to show defendant's admission and acknowledgment of service and receipt of summons, of which no copy was personally served on him.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Proceeding by Shaley Covington for common-law certiorari to quash a judgment rendered by a justice of the peace against him and in favor of G. F. Morrison. From a judgment granting the writ and annulling judgment rendered by the justice of the peace, plaintiff Morrison appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

F. M. Savage, of Center, for appellant.

Every court has power to correct its records, and no other court can incidentally question the verity thereof. It was proper and legal for the justice to amend the judgment without notice. Ware v. Kent, 123 Ala. 427, 26 South. 208, 82 Am. St. Rep. 132; Nabers v. Meredith, 67 Ala. 333; Whorley v. M. C., 72 Ala. 20; Harris v. Martin, 39 Ala. 556; Ex parte Gilmer, 64 Ala. 234; Finney v. Gilder, 73 Ala. 196. The justice court acquired such personal service as to make the judgment valid. Foster v. Thompson, 10 Ala. App. 365, 65 South. 414; Ind. Pub. Co. v. Am. Press Co., 102 Ala. 475, 15 South. 947; Rosenberg v. Claflin Co., 95 Ala. 252, 10 South. 521. Admission of service was made to the court, and therefore judicial notice taken of it. Harris v. Martin, supra.

Hugh Reed, of Center, for appellee.

The return of service of summons was insufficient to give the justice of the peace jurisdiction. Code 1907, § 4647; Burt v. Frazer, 157 Ala. 574, 47 South. 572; Melvin v. Clark, 45 Ala. 285. The effort to amend the judgment was abortive. Dumas v. Hunter, 30 Ala. 188; Browder v. Faulkner, 82 Ala. 258, 3 South. 30; Wilmerding v. Corbin Banking Co., 126 Ala. 268, 28 South. 640.

SAYRE, J. This was a proceeding in the circuit court by appellee for the common-law writ of certiorari to quash and hold for naught a judgment rendered by a justice of the peace at the suit of appellant against appellee. On the hearing in the circuit court, the judgment was quashed, and plaintiff has appealed.

Defendant's complaint against the judgment was that there had been no service of summons and complaint on him, nor had he appeared before the justice of the peace. The transcript of the proceedings had before the justice of the peace, certified to the circuit court in response to the writ of certiorari, showed service as follows:

"Executed by personal service and notice of garnishment by leaving copy at his home, this 8th day of Nov., 1922. J. A. Weems, Constable."

The record showed no appearance in lieu of summons. The judgment was by default.

[1-3] The statute (section 4647 of the Code of 1907) requires that summons be executed by personal service of a copy on the defendant, and without it, or an appearance in person or by attorney shown by the record, no valid judgment can be rendered against the defendant. Parol proof cannot be received to establish either service or waiver by appearance. Independent Pub. Co. v. American Press Association, 102 Ala. 475, 491, 492, 15 South. 947. The constable's return in this case shows no service of summons as required by the statute. Melvin v. Clark, 45 Ala. 285.

[4-6] Judgment was rendered by the jus-

tice of the peace November 11, 1922. Certiorari for review was ordered by the circuit judge on the 21st day of April, 1923. The writ was issued June 15 and served on appellant here June 16, 1923. Thereupon, on appellant's motion, July 21, 1923, at the end of an ex parte proceeding, the justice of the peace undertook to amend his judgment, as of November 11, 1922, by incorporating therein the following recital:

"The defendant having previously and three days and more before this day appeared before the court, and having admitted and acknowledged service and receipt of the summons and complaint in the cause, the court, therefore, knowing that defendant had notice, and that this hearing was not without his notice, and to his surprise, it is hereby adjudged," etc.,

—and apparently on plaintiff's petition this amended judgment was certified to the circuit court.

It is quite true that the practice in this state has long been established permitting judgments nunc pro tunc to be entered without requiring notice to be given to the opposite party. Nabers' Adm'r v. Meredith, 67 Ala. 333. But that is because the opposite party has had his day in court, and because such amendatory or nunc pro tunc judgments are allowed on some entry or memorandum, which appears upon an inspection of the court records, and cannot be contradicted by parol proof of extraneous facts. In the case before us defendant, so far as appears by the original record certified by the justice of the peace—and that record could not in any court, except upon a charge of fraud, be contradicted by parol (Ex parte Gilmer, 64 Ala. 234)—had not had that day in court which it is always the purpose of summons to afford, nor was there any entry or memorandum to warrant such amendment. The judgment of the justice of the peace should have been entered before the adjournment of his court. Conceding, for the argument only, the sufficiency of the judgment on collateral attack to show defendant's appearance and acknowledgment of the court's jurisdiction, we think it clear that the justice of the peace could not successfully meet the attack upon his judgment by amending the same out of his own unaided memory six months afterwards. Coleman v. Roberts, 113 Ala. 332, 21 South. 449, 36 L. R. A. 84, 59 Am. St. Rep. 111. So far as the matter of amendment was concerned he was, after that lapse of time, if ever, no more a competent witness than would have been any one else.

Our conclusion is that the amendatory judgment nunc pro tunc was without authority of law, and was due to be treated as it was treated in the circuit court—that is, as a nullity because it did not appear that defendant had had his day in court. The judgment of the circuit court quashing the judgment rendered by the justice of the peace must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.