(106 So. 228)

### GLENN v. GLENN.   (8 Div. 767.)

(Supreme Court of Alabama.   June 18, 1925.)

**1. Appeal and error ☞435—Purpose of citation of appeal to give notice of appeal and bring party into court, and sufficient if party appears and confesses notice.**

The purpose of the citation of appeal prescribed by statute is to give notice of appeal, and purpose of notice is to bring party into court, so that, if party to be notified appears and confesses notice, he is in court for every purpose that might be served by formal citation of appeal.

**2. Appeal and error ☞426—Written acknowledgment on transcript by attorney for appellee of notice of appeal held sufficient to confer jurisdiction.**

Written acknowledgment of notice of appeal on transcript by attorneys for appellee, who stated in brief that they had no recollection of such acknowledgment, counsel for appellant in brief stating that he knew it to be a fact that acknowledgment was duly made, sufficiently shows acknowledgment of notice of appeal, and confers on court jurisdiction of appellee, since parties are bound by their individual acceptance of notice, and attorneys are presumed to have authority to act for clients.

Certiorari to Court of Appeals.

Petition of Grover Glenn for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Grover Glenn v. Letha Glenn, 106 So. 226.   Writ granted; reversed and remanded.

Simpson & Simpson, of Florence, and James J. Mayfield, of Montgomery, for petitioner.

The want of citation or notice of appeal may be waived.   If the appellee voluntarily appear, no notice is necessary.   Killam v. Costley, 52 Ala. 32; Mobile Ins. Co. v. Cleveland, 76 Ala. 321; Bolling v. Jones, 67 Ala. 508; Cooper v. Macklin, 25 Ala. 298; Kimbrell v. Rogers, 90 Ala. 339, 7 So. 241; New-

ton v. Ala. Mid. R. Co., 99 Ala. 468, 13 So. 259.

Bradshaw & Barnett, of Florence, opposed.

The acknowledgment asserted is not sufficient to obviate the requirement for issuance of citation.   Code 1907, § 2881; 33 Cyc. 451; Supreme Court rules 26, 30, Code 1923, pp. 887, 889; Welch v. Walker, 4 Port. (Ala.) 120; Oliver v. Kennedy, 173 Ala. 601, 56 So. 203.

SAYRE, J.   In this case there was a proper certificate of appeal, but the record discloses no service of citation of appeal.   Instead, this writing appears on the last page of the transcript:

"We, the undersigned, acknowledge notice of this appeal by respondent Leether [as we read it, though it may be 'Luther' or 'Leethea'] Glenn.   Witness this 15th May, 1924.   [Signed] Bradshaw & Barnett & W. J. Lamb, Solicitors for Petitioner Lethea Glenn."

The Court of Appeals dismissed the appeal, and struck the cause from the docket of that court, for the reason that there was no citation of appeal.

[1, 2] The purpose of the citation of appeal prescribed by the statute is to give notice of the appeal, and the purpose of notice is to bring a party into court.   If the party to be notified appears and confesses notice, he is in court for every purpose that might be served by a formal citation of appeal duly executed according to law.   Newton v. Alabama Midland, 99 Ala. 470, 13 So. 259.   The only remaining question is, How should the written acceptance of notice found in the record have been considered by the court?   If genuine, there can be no doubt that it was effectual to place the cause before the court for adjudication in the usual course—conferred upon the court jurisdiction of appellee.   This acknowledgment of notice purports to be signed by counsel of record in the trial court, who subsequently appeared in the Court of Appeals suggesting that the cause

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

214 ALA.—1

be dismissed for lack of citation of appeal, and they, or some of them, so appeared to make that suggestion without drawing into question the authenticity of the acknowledgment of notice. They are willing to go no further than to say in their brief:

"The writer has handled this case from the beginning, and has no independent recollection of this acknowledgment, and there is no such acknowledgment on the copy of the transcript delivered to the appellee."

Counsel for appellant, on the other hand, speaking of the acknowledgment in question, says:

"The senior member of this firm, who is writing this brief knows it to be a fact that the above acknowledgment was duly made by the attorneys above mentioned and signed by them."

These gentlemen all are officers of the court and attorneys of record in this cause. Accepting their statements at full value, there remains no reason to doubt that notice of the appeal to the Court of Appeals was acknowledged by counsel for appellee or that the cause was properly in that court.

Welch v. Walker, 4 Port. 120, and Earbee v. Ware, 9 Port. 291, were cited to the Court of Appeals. In Moore v. Horn, 5 Ala. 234, the result of those decisions, and others of like tenor, was thus summed up:

"It has several times been held by this court, that a defendant may voluntarily come before a court to answer to a suit by the acknowledgment of the service of the process, and that such acknowledgment when made, is equivalent to service by the proper officer. In such cases, however, the entry of the acknowledgment upon the process, is not by itself, sufficient to sustain the jurisdiction, but the factum of the acknowledgment must be proved and shown upon the record, to have been so."

This is familiar practice in the courts of this state in cases in which it is sought to bind parties by their individual acceptance of service or notice. But here the acceptance was by attorneys of record, their authority has not been denied, and there is a firmly established presumption in favor of an attorney's authority to act for any client whom he professes to represent. Doe ex dem. Chamberlain v. Abbott, 152 Ala. 243, 44 So. 637, 126 Am. St. Rep. 30; Ashby Brick Co. v. Ely, etc., Dry Goods Co., 151 Ala. 272, 44 So. 96; 6 C. J. 631, where a great cloud of cases is cited.

The writ of certiorari is granted, the order of the Court of Appeals dismissing the cause is vacated and annulled, and the cause remanded to that court for further consideration upon its merits.

Writ granted; reversed and remanded.

All the Justices concur.