139 So. 240

## KENT v. KENT.

### 3 Div. 984.

Supreme Court of Alabama.

Jan. 21, 1932.

A. Whaley, of Andalusia, for appellant.

H. C. Rankin, of Brewton, for appellee.

184

**KNIGHT, J.**

This appeal is prosecuted from a final decree of the circuit court of Escambia county, in equity, granting appellee a divorce from appellant, and awarding alimony and counsel fees. The bill was filed January 29, 1931, and summons was issued thereon and delivered to the sheriff of Escambia county for service on the same. day. On the back of the original summons there appear these endorsements:

"Issued this 29th day of January 1931.

"C. W. Weaver, Register."

"Executed by leaving a copy of the within summons at his place of residence on the 3rd day of February, 1931.

"C. A. Byrne, Sheriff."

"State of Alabama Escambia County.

"I, T. H. Kent, the within named defendant, acknowledge service of the within summons personally made upon me by the sheriff of Escambia County, Alabama, on February 3, 1931, that said summons was received by me on said date, and I accept service of said process as of said date.

"T. H. Kent, defendant."

"Attest—R. J. Garrett."

Thereafter, on March 9, 1931, a decree pro confesso was entered by the register against the defendant. In this decree there appears this recital of the facts upon which it was entered: "In this case it being made to appear to the register that a summons requiring the defendant T. H. Kent to appear and plead, answer or demur to the bill of complaint in this cause within thirty days from the service of said summons upon him was *served upon him by the sheriff of Escambia County,* on the 3rd day of February, 1931, and the said defendant having failed to plead, answer or demur to the said bill of complaint to the date hereof," etc.

■ It will be noted that this decree recites *service by the sheriff upon defendant.* The sheriff's return shows that the service was not made upon defendant personally as the law directs, but "by leaving a copy of the summons at his place of residence." This affirmatively shows that there was no service upon the defendant. Code, § 6529; Morrison

v. Covington, 211 Ala. 181, 100 So. 124; Independent Pub. Co. v. American Press Ass'n, 102 Ala. 475, 15 So. 947.

■ There was not, at any time, any amendment of the sheriff's return to show personal service, but, on the contrary, this return, as made by him, remains as his final expression with reference to what he did in serving the summons. This return "imports verity and cannot be contradicted or impeached in the action in which it was made." Stewart v. Capital Fertilizer Co., 207 Ala. 596, 93 So. 641, 642; Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304; Martin v. Barney, 20 Ala. 369.

■ Inasmuch as the record shows there was no service by the sheriff upon the defendant, and the decree pro confesso reciting that it was based upon such service, it must result that such decree was erroneously granted upon the theory of personal service by the sheriff.

■ Can the decree be supported upon the theory that the defendant accepted service of the summons? We think not. It has been consistently held by this court that, in cases where no personal service is shown, but an acceptance of service of the summons is relied upon to bring the defendant into court, the record in such case must show that the court ascertained by proof that the defendant had accepted service of the summons, and we may add, it should also ascertain the time when the same was so accepted. This has been the holding of this court from the earliest period of its judicial history.

. In the case of O'Neal v. Garrett, 3 Ala. 276, Chief Justice Collier, speaking for the court, says: "The acknowledgment of service indorsed on the summons, did not authorize the rendition of judgment against O'Neal; but to authorize the Court to consider it as his act, [it] should have been proved or admitted by him in Court to be genuine. * * * Rowan v. Wallace, Judge, etc., 7 Port. 171; Norwood & Chambers v. Riddle, 9 Port. 425."

In the recent case of Glenn v. Glenn, 214 Ala. 2, 106 So. 228, Mr. Justice Sayre quotes with approval the following from the decision in the case of Moore v. Horn, 5 Ala. 234: "It has several times been held by this court, that a defendant may voluntarily come before a court to answer to a suit by the acknowledgment of the service of the process, and that such acknowledgment when made,. is equivalent to service by the proper officer. In such cases, however, the entry of the acknowledgment upon the process, is not by itself, sufficient to sustain the jurisdiction, but the factum of the acknowledgment must be proved and shown upon the record, to have been so."

■ Section 9436 of the Code, which provides for acknowledgment or waiver of service, is but the affirmation of the common-law rule on the subject.

It therefore results that the decree pro confesso entered against the defendant in this cause cannot be upheld for two reasons—either of which is fatal. The first is, this decree shows upon its face that the same purports to be, and is, based upon service upon defendant by the sheriff, while the record shows affirmatively there was no such service; and, second, the record does not show the factum of the acknowledgment of service was proved, nor does the decree pro confesso purport to be based on an acceptance of service of the summons by the defendant. For these reasons the decree pro confesso was erroneously entered against defendant.

And, in this connection, we may state here that more than two months after the entering of the decree pro confesso in this cause, another summons was issued by the register, and personally served by the sheriff upon the defendant, on June 19, 1931. No answer in response to this summons was made by defendant, and no decree pro confesso entered against him. Just why the second summons, if the first was deemed efficacious, we are not informed.

The defendant not having answered the bill, and no proper decree pro confesso having been entered against him in the cause, it results that the cause was not at issue, when submitted for decree, and the decree rendered upon that submission was erroneous, and must be reversed.

We feel sure that had the above pointed out irregularity which occurred in entering the decree pro confesso been brought to the attention of the chancellor while the case was still before him, he would have vacated this decree, and restored the case to the docket. This was not done, so far as the record discloses.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.