164 So. 292

### CRAIG v. COBB.
### 2 Div. 66.

Supreme Court of Alabama.
Nov. 21, 1935.

W. B. Craig, of Selma, for appellant.

Mallory & Mallory, of Selma, for appellee.

BOULDIN, Justice.

The appeal is from a decree of the probate court confirming a sale of lands, made by a guardian of minors, under the provisions of Code, § 9357 et seq.

The Alabama guardian of the minors joined the adult tenants in common in negotiating a private sale of the lands. In the guardian's report of the sale for confirmation (Code, § 9358), it was shown the minors were over fourteen years of age; were nonresidents of Alabama; that their custodian was a nonresident, and they had no adult next of kin resident in Alabama. The court, thereupon, appointed appellant guardian ad litem for the minors. He answered, denying the allegations of the petition and resisted confirmation, all in keeping with Code, § 9360.

The questions here raised relate to notice of the report of sale and of the day set for hearing.

Code, § 9359, reads: "Upon the filing of such report the court must appoint a day for the hearing of the same, not less than twenty days from the filing thereof, and must give notice thereof to any minor whose interest has been so sold who is over fourteen years of age and resident in this state, and also to the person in whose custody such ward is, if deemed by the court in the interest of such ward, and also to the adult next of kin of such ward resident in this state, not interested in such sale, or where there is more than one such next of kin of equal degree, then to such one of them as may be selected by the court; such notice shall be given by personal citation to be served not less than ten days before the day appointed for such hearing."

Appellant's view is that the requirement of notice by citation to minors over fourteen years of age, resident in this state, and next of kin, resident in this state, is a necessary jurisdictional feature of the statutory procedure; that, if the minors are nonresident, or have no adult next of kin in this state, no sale can be made under this statute, and resort must be had to other form of partition proceedings.

Construing this statute in the light of pre-existing law and the purposes to be accomplished, we observe that parti-

tion of lands at the instance of adult tenants in common is matter of right. If not capable of equitable partition in kind, a sale for division, through statutory procedure, is matter of right. This without regard to the interests of other tenants in common, whether minors or adults. The delay and costs of the sale of lands for division, and the contingencies of a sale at public auction, were manifestly in mind in the passage of the act of 1903, now codified as section 9357 et seq. The title of the original act was: "An Act To better provide for the sale of interest held in lands as tenants in common by persons not having the legal capacity to sell the same because of minority or unsoundness of mind."— General Acts 1903, p. 420.

By the first section of the statute (Code § 9357) the guardian is authorized to join in the sale: *"In all cases* in which any person of unsound mind or any minor shall hold an interest as tenant in common with others in one or more parcels of land or realty in this state, and there shall be no valid authority to sell such interest vested in any person by the terms of any instrument under which such person of unsound mind or such minor holds such interest, and such sale shall not be prohibited or restricted by such instrument," etc. (Italics supplied.)

The interest of the minors is carefully safeguarded. The proceeding comes into court on sworn petition of the guardian of the estate of the minors, the trustee charged by law with protecting their interest; then a guardian ad litem is charged with the duty of contesting the petition. The next of kin, if cited, may, but are not required to concern themselves in the matter. It must appear to the satisfaction of the court upon evidence duly taken that such sale is to the interest of the ward. Code, § 9362.

We are of opinion the provisions for notice to the minors over fourteen years of age, resident in the state, and adult next of kin resident in the state, are cumulative safeguards applicable in cases where such notice can be given by citation; but in no way limiting the cases to which jurisdiction extends as defined in section 9357. That the wards are nonresident, or have no adult next of kin in this state, does not defeat the jurisdiction to confirm the sale,

but renders the provision for citation inapplicable in the particular case.

Affirmed.

GARDNER, BROWN, and FOSTER, JJ., concur.