174 So. 788

## WILLIAMS, Superintendent of Banks, v. CHASE NAT. BANK OF NEW YORK.

### 6 Div. 104.

Supreme Court of Alabama.

May 27, 1937.

H. A. Burns, of Ensley, for appellant.

Basil A. Wood, of Birmingham, for appellee.

234

BROWN, Justice.

This appeal is from the final decree entered on *decree pro confesso,* which contains the following recitals:

"In this cause, *it being made to appear* to the Register that a Summons requiring the Defendant J. H. Williams, etc., to appear and plead to, or answer the Bill of Complaint in this cause within THIRTY DAYS from the service of said summons upon him, said service was accepted *by him* on the 13 day of July, 1936, and the said Defendant having failed to plead, answer or demur to the said bill to the date hereof;

"It is now, therefore, on motion of Complainant, ordered," etc. (Italics supplied.)

There is nothing in the record, other than this recital, to show that a summons was issued on the filing of the bill. The complainant, appellee here, relies on an indorsement made on the bill, the day previous to its filing, in these words: "This day, July 13, 1936, *copy of the within bill is accepted* by me and further service of summons waived. H. L. Anderton Atty (for Respondent)" and the "firmly established presumption in favor of an attorney's authority to act for any client whom he professes to represent." (Italics supplied.) Glenn v. Glenn, 214 Ala. 1, 106 So. 228.

If the decree *pro confesso* had been predicated on the acceptance and waiver of Anderton, as attorney, there would be considerable force in his position, though there is this fault, the acceptance on its face shows that it was made before the filing of the bill and there was then no pending case. The facts stated in the opinion of the court in Jones, Adm'r, v. Beverly et al., 45 Ala. 161, differentiates that case from the case at bar.

In Kent v. Kent, 224 Ala. 183, 139 So. 240, 241, it was aptly observed that: "It has been consistently held by this court that, in cases where no personal service is shown, but an acceptance of service of the summons is relied upon to bring the defendant into court, the record in such case must show that the court ascertained by proof that the defendant had accepted service of the summons, and we may add, it should also ascertain the time when the same was so accepted."

On the authority of that case, and the case cited below, the decree pro confesso is voidable on direct attack by appeal

and will not support the final decree. Boyett et al. v. Frankfort Chair Co., 152 Ala. 317, 44 So. 546.

For the error noted the decree of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.