15 So.2d 735

**SWANN v. WADSWORTH.**

7 Div. 768.

Supreme Court of Alabama.

Nov. 26, 1943.

No Attorney marked for appellee.

Dortch, Allen & Swann, of Gadsden, for appellant.

Hood, Inzer, Martin & Suttle, of Gadsden, for appellee.

THOMAS, Justice.

Appeal from proceedings in the probate court touching the lands of tenants in common one of whom is a minor.

The appeal to this court is prosecuted for the minor by his guardian ad litem appointed by the probate court under the provisions of T. 7, § 786, Code 1940. The history of this statute from its early enactment to a recent date is contained in Ward v. Mathews, 122 Ala. 188, 25 So. 50; Pollard v. Jackson, 204 Ala. 31, 85 So. 431; 128 A.L.R. 1238, Note.

This court has jurisdiction to hear and determine this appeal from a decree of the probate court, touching two tracts of land, both of which lie in the County of Etowah.

Article 4, T. 47, § 219 et seq., Code 1940, contains the recent statute providing for the sale of lands of minors and insane persons for partition and distribution among joint owners.

In Craig v. Cobb, 231 Ala. 219, 164 So. 292, it was held under the Code of 1923, § 9357 [which is of like effect as T. 47, § 219], that adult tenants in common are entitled to partition as a matter of right whether other tenants in common are minors or adults.

In Van Houtan v. Black et al., 191 Ala. 168, 67 So. 1008, 1009, it was held that the provisions of the statute are for a form and method of partition of such lands or lands so jointly held by tenants in common. Mr. Justice Sayre said for the court: "'* * * It is that, inasmuch as the authority of the guardian to make, and of the court to permit, an absolute sale of the infant's lands is limited to the grant of powers conferred by the Legislature, the terms of such grant should be carefully fol-

lowed. Sales made in utter disregard of the precautions wisely interposed by law are absolutely worthless.' Schouler, Dom. Rel., § 361. To invoke the jurisdiction of the probate court under the statute it was necessary that a petition be filed *stating,* however imperfectly, *a case within the purview of the statute.* Whitlow v. Echols, 78 Ala. [206] 207. It is enough to sustain the proceeding on collateral attack that the necessary facts are colorably or inferentially stated; but they must be stated in some way, and the relief sought must be within the power of the court. * * *"

In Denbo v. Sherrill et al., 241 Ala. 285, 2 So.2d 773, 774, a suit to quiet title by a bill in equity, the statute is again adverted to by the Chief Justice, saying that the sale of the lot in question was by way of exchange, the guardian for the minors considering it to their best interest, and the sale was confirmed by the lower court. He said:

" * * * Though statutory proceedings before the probate court (§ 9357 et seq., Code 1923, Code 1940, Tit. 47, § 219 et seq.) were to a large extent followed, defendants insist no title passed by the deed of the guardian for lack of confirmation by the court as provided in Sections 9365, 9366, Code 1923, Code 1940, Tit. 47, §§ 227, 228, and attention is directed to Woodall, et al. v. Orr, 219 Ala. 681, 123 So. 220; * * *.

"But complainant answers by citation of authorities to the effect that a court of equity has the power to confirm a sale of realty of a minor if originally the court would have decreed the sale in the first instance as to the minor's best interest. Goodman v. Winter, 64 Ala. 410, 38 Am. Rep. 13. * * *"

In Higdon v. Higdon, 243 Ala. 571, 11 So.2d 140, 141, the bill was in equity to sell real estate for division among tenants in common and to quiet title to lands in which a minor was interested. The jurisdiction of that court was maintained under the statute. It is said: "Title 47, Section 210, Code 1940, empowers the probate court to sell for partition among tenants in common, and provides that application may be made by the guardian of a minor owning an interest as tenant in common. Title 47, Section 219 et seq., empowers a guardian to join other tenants in common in a sale of realty for division, publicly or privately, subject to confirmation or disaffirmance by the court having jurisdiction of the administration of the ward's estate."

Sections 220, 221 and 222, Tit. 47, Code 1940, provide, among other things, as follows:

"§ 220. * * * Such report shall set forth the name, residence, and age of such ward, and of the person in whose custody he is, and the name and residence of the adult next of kin of said ward, resident in the state and not interested in such sale; if there be more than one such next of kin of the same degree, such report must set forth the names and residences of all of them resident in this state.

"§ 221. Upon the filing of such report the court must appoint a day for the hearing of the same, not less than twenty days from the filing thereof, and must give notice thereof to any minor whose interest has been so sold who is over fourteen years of age and resident in this state, and also to the person in whose custody such ward is, if deemed by the court in the interest of such ward, and also to the adult next of kin of such ward resident in this state, not interested in such sale, or where there is more than one such next of kin of equal degree, then to such one of them as may be selected by the court; such notice shall be given by personal citation to be served not less than ten days before the day appointed for such hearing.

"§ 222. The court must appoint a guardian ad litem to represent the interest of such ward upon such hearing, as provided by law for the appointment of guardians ad litem in such court. The person so appointed such guardian ad litem must deny in writing the allegations of such report and resist the confirmation of such sale, and, if necessary, must, with the approval of the court, employ counsel to defend the interest of the person he so represents. * * *."

The reporter of decisions will set out, in addition to the pertinent pleading, the agreed statement of facts.

The case of Kent v. Kent, 224 Ala. 183, 139 So. 240, touched the acceptance of service by a defendant relied on in a bill of divorce and on which a decree pro confesso was based and held invalid. This, however, does not affect the instant proceeding.

In Williams, Superintendent of Banks, v. Chase Nat. Bank of New York, 234 Ala. 233, 174 So. 788, 789, the suit was in equity against the superintendent of banks liqui-

dating the Bank of Ensley. The appeal was from a final decree entered on a decree pro confesso reciting that service was accepted by him and that defendant having failed to plead, answer or demur to said bill. It is recited:

"There is nothing in the record, other than this recital, to show that a summons was issued on the filing of the bill. * * *

"If the decree pro confesso had been predicated on the acceptance and waiver of Anderton, as attorney, there would be considerable force in his position, though there is this fault, the acceptance on its face shows that it was made before the filing of the bill and there was then no pending case. The facts stated in the opinion of the court in Jones, Adm'r., v. Beverly et al., 45 Ala. 161, differentiates that case from the case at bar.".

On the authority of Kent v. Kent, 224 Ala. 183, 139 So. 240, the decree pro confesso was held voidable on direct attack by appeal and it was held that it would not support the final decree, citing Boyett et al. v. Frankfort Chair Co., 152 Ala. 317, 44 So. 546. In the Boyett case it was held that where the record fails to show that proof was made to the satisfaction of the register, that the person served was at the time of service such an agent of the corporation as legal service could be made upon, a decree pro confesso based on such service is void.

In the instant case there was no acceptance of service on which a decree pro confesso rested. The parties were before the court, were duly represented, the facts were understood by the court and on the same the decree was rested. From this decree the appeal is prosecuted by the guardian ad litem of the minor who joined with adverse counsel in the agreed statement of facts.

■ It is established in this jurisdiction that a proceeding in the probate court for the sale of a ward's property is a proceeding in rem and the jurisdiction of the probate court attaches when a petition is filed by the guardian disclosing a statutory ground for the sale. Daughtry v. Thweatt, 105 Ala. 615, 16 So. 920, 53 Am.St.Rep. 146; Whitlow v. Echols, 78 Ala. 206; Wyman et al. v. Campbell et al., 6 Porter 219, 31 Am.Dec. 677.

■ The second assignment of error raises the proposition that the petition was insufficient to confer jurisdiction on the probate court for the reason that it was not disclosed whether there is more than one adult next of kin of the same degree to the minor in question residing in the State of Alabama and not of interest in the sale. Sufficient answer to this is that the sworn petition uses the words that the nearest adult next of kin of said Edwin Dale Crocheron, Jr., residing within the State of Alabama and not interested in said sale is Mrs. Annette Crocheron Whorton, Gadsden, Alabama. Any reasonable construction of the words thus employed shows that Mrs. Whorton is the only adult next of kin of the degree named of said minor who resides in Alabama and not interested in the sale, and to whom the judge directed the notice. This was in compliance with Code 1940, Tit. 47, § 220. This is likewise shown by the agreed statement of facts.

■ The third assignment of error challenges the sufficiency of the decree in that it does not recite that evidence was offered to the court proving the genuineness of the acceptance of service of notice issued to Mrs. Annette Crocheron Whorton as the adult next of kin of the minor. We have indicated that in the case of Kent v. Kent, 224 Ala. 183, 139 So. 240; Williams, Supt. of Banks, v. Chase Nat'l. Bank, supra, it was sought to make a person the party defendant to a suit in proceedings in personam bound by the decree pro confesso against him. In this proceeding there was no element of an adversary suit in personam. It is a statutory proceeding, authorizing the probate court to confirm or vacate a sale of a ward's interest in property as an element of partition.

Filing of the sworn petition by the guardian disclosed the statutory grounds for the sale and that they were sufficient to give jurisdiction to the probate court. Counsel agree that no point was raised in the lower court in regard to the sufficiency of the service of notice. The agreed statement of facts indicate that such next of kin on whom the court ordered service to be made actually accepted service of notice of the day appointed for hearing of said petition by signing a waiver of notice in her own handwriting. It is recited in the final decree of September 30, 1943, that "It appearing to the court that notice had been given to Mrs. Annette Crocheron Whorton as the adult next of kin of said minor residing in this state and who is not interested in said sale, as required by law. * * "

The probate court having jurisdiction in matters involving the partition of land among joint tenants, the recitals in the final decrees are construed as a finding by the court that the acceptance of service by the adult next of kin was actually made and was genuine.

The record is sufficient as to the appointment of the guardian ad litem and that he was present at the hearing and resisted confirmation of the sale.

We find no error in the decrees or judgments of the probate court confirming the sales and they are affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.